| 83 | 423 |
| 88 | 954 |
| 83 | 423 |
| f106 | 305 |

## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### STOTZ v. COLLINS & CO.

#### JUNE 16th, 1887.

PRACTICE AT COMMON LAW—*Default—Substituted service—Defective return—Amendment.*—Where under Code 1873, ch. 172, ? 5, defendant moves the judge in vacation to reverse a judgment by default upon a defective return of substituted service of the summons, and to remand the case for trial—

HELD :

> The court may then allow the sheriff to amend his return so as to show a proper service, and dismiss the defendant's motion.

Error to judgment of judge of circuit court of Roanoke county, in vacation, rendered December 20th, 1884, on the motion of John Stotz to reverse a judgment of said court entered at the preceding term on a defective return of substituted service of the summons to commence the action of debt wherein Abram Collins & Co. were plaintiffs, and said John Stotz was defendant.

The sheriff's return on the writ in the action was in the words and figures following, to-wit: " Executed Aug. 28, 1884, by delivering a copy of within summons to John Stotz through his daughter, over the age of sixteen years, he not being at his usual place of abode. Said summons was explained to his daughter. C. M. Webber, S. R. C." The writ was returnable to September rules, 1884, at which rules the declaration was filed and common order entered.

And at the following rules the common order was confirmed. The defendant failing to appear, the judgment entered in the office was confirmed at the following October term of the court by an order in these words : "Judgment in favor of the plaintiffs against the defendant by default, obtained in the clerk's office and confirmed this day, for one thousand dollars, with interest thereon at the rate of six per centum per annum from the thirteenth day of June, 1875, till paid, and $8.10 costs, subject to a credit of $84.40 as of the thirteenth day of June, 1874, and $100 paid October 2d, 1879."

After the adjournment of the term at which the judgment was confirmed the defendant gave notice to the plaintiffs that on a certain day he would move the judge of the circuit court in vacation to reverse the judgment, and to remand the case to rules, on the ground that, it not appearing from the sheriff's return that the writ had been served in the manner prescribed by law, the judgment was erroneous and void. The notice was given under the fifth section of chapter 177 of the Code of 1873, which enacts as follows : "The court in which there is a judgment by default, or a decree on a bill taken for confessed, or the judge of said court in the vacation thereof, may, on motion, reverse such judgment or decree for any error for which an appellate court might reverse it," etc.

Upon the hearing of the motion, the judge, being of opinion that the return was defective, permitted the sheriff, on the plaintiffs' motion, to amend it. The return, as amended, is as follows : "Executed Aug. 28, 1884, by delivering a copy of the within summons at the usual place of abode of John Stotz to his daughter, a white person over the age of sixteen years, a member of the family of said John Stotz, and explaining to her the purport of said summons, he not being found at his usual place of abode. C. M. Webber, S. R. C."

The return having been thus amended, the judge dismissed the motion, requiring each party to pay their own costs; whereupon the defendant excepted, and he subsequently obtained a writ of error from one of the judges of this court.

*G. W. & L. C. Hansbrough,* for the plaintiff in error.

At common law personal citation to the defendant, or his voluntary appearance, is the essential preliminary to a purely personal judgment. The substituted service allowed by Code 1873, ch. 163, § 1, being a departure from the common law, the statute allowing it must be strictly followed.

In *Settlemier* v. *Sullivan,* 97 U. S., 444, a similar defect in the return of the service of the summons to commence the suit rendered the judgment founded on it *absolutely void.* According to this decision the defect was jurisdictional.

In *Goolsby* v. *St. John,* 25 Gratt. 146, this court held that the proper mode of taking advantage of and being relieved from a judgment founded on a defective return of service of summons on the defendant, is by motion before the judge in vacation under Code 1873, ch. 177, §§ 5 and 6, just as John Stotz proceeded in this case. The judge, upon the hearing of John Stotz's motion, decided that the return of the process was defective, but, against the protest of John Stotz, allowed the sheriff to amend his return *from his memory,* and the return having been thus amended after the end of the term at which the judgment was rendered by default, the judge held that this void judgment had become validated, and dismissed John Stotz's motion to set aside the judgment and refused to remand the cause to rules for further proceedings according to law.

Of course such amendment might properly have been made during the term at which the judgment was rendered

(Bar. Law Pr. 204 and 346), not afterwards. Because the defect in the return was jurisdictional, and showed that the court had not authority to enter the judgment.

The judgment was void. No amendment of the return of service after the end of the term could give it validity.

Says Strong, J., in *Kendall* v. *Washburne*, 14 How. (Pr.) 380 : "The power of amendment, extensive as it is, is not adequate to create a judgment out of what in legal effect is nothing; it can only correct defects in what has some legal effect and operation." And see Freeman on Judgments, sec. 117; McNamara on Nullities, 2, 3, 6 ; *Hallett* v. *Righters*, 13 How. (Pr.) 43; *Clapp* v. *Graves*, 26 N. Y. 420, and *Tolcott* v. *Rosenberry*, 8 Abbott Pr. (N. S.), upon the general principle that no *after proceeding* can infuse validity into that which is a mere nullity.

There might have been amendment of the returns during the term at which the judgment by default was entered, because such amendment would have to be made on notice to defendant and would become part of the proceedings of the rendition of the judgment.

In argument it was contended that the question of *post* term amendment of returns on original process to commence suit was not an open question, but had been decided in *Stone* v. *Wilson*, 10 Gratt. 529; *Wardsworth* v. *Miller*, 4 Gratt. 99 ; *Smith* v. *Triplett*, 4 Leigh, 590. *This is a mistake.* In those cases the amendment was of returns on final process. Proceedings were had against officers to hold them liable on their returns on executions. During those proceedings the officers were allowed to amend their returns. It is true that Moncure, P., in *Goolsby* v. *St. John*, 25 Gratt. 146, did say : " A court from which process is issued may permit the sheriff's return thereon to be amended at any time, even though a suit or motion founded on the original return be then pending, and even though the proposed amendment be inconsistent with the original return,.

and take away the foundation of the suit or motion," and he referred to those same cases.

It is obvious he was speaking of final process. And it is also true that referring to and relying on those same authorities, and speaking of original writs of summons, and of motions such as that of Stotz, that venerable judge did, *obiter dicens,* say : "On such motion the sheriff might have amended his return, on leave obtained from the court for that purpose, and thus have cured the defect." There was no such question in the case wherein he was pronouncing opinion. Goolsby had gone into chancery for relief against a judgment by default on defective return of substituted service of the summons. This court held that his remedy was at law under Code 1873, ch. 172, § 5. Therefore, Judge Moncure's remark last quoted was plainly an *obiter dictum,* in making which he undoubtedly failed to bear in mind the palpable distinction between allowing amendments *after* term in order to validate an invalid judgment rendered when the court had no jurisdiction, and allowing amendment of returns on executions made by the officer against whom proceedings are pending to hold him liable on the original returns, when the proceedings are *in fieri* and all the parties are before the court. Substituted service is of doubtful justice and policy any way. By means of it gross wrong may easily be done a defendant. And it being in derogation of the common law, the authority for such service should be exactly followed, and the officer should not be allowed, from his slippery memory, to amend his return *post* term, and to supply the jurisdiction which the court did not possess when the judgment was entered, and thus to galvanize into life a thing that was dead.

*R. E. Scott,* for the defendant in error.

Lewis, P., delivered the opinion of the court.

The question is whether there is error in the action of the judge in permitting the return to be amended, and in dismissing the motion. It is conceded that the original return is defective. If, however, leave to amend was properly granted, then the amended return shows that the writ was served in conformity with the provisions of the statute in relation to the service of process in such cases. Code 1873, ch. 163, § 1; Id., ch. 166, § 5.

The learned counsel for the plaintiff in error concedes that the return was amendable during the term at which the office judgment was confirmed. He earnestly contends, however, that the defect in the return was jurisdictional; in other words, that the return being defective, the judgment was entered without evidence of legal notice of the action to the defendant, and consequently that the judgment and all the proceedings subsequent to the issuing of the writ were *coram non judice* and void, and passed beyond the control of the court, or of the judge thereof, after the end of the term at which the judgment was confirmed.

We are of opinion that this position is untenable, the question it involves being no longer an open one, having been settled by previous decisions of this court. In *Stone v. Wilson*, 10 Gratt. 529, which was a motion against a sheriff for a judgment for the amount of a certain execution of *capias ad satisfaciendum* which went into his hands, and which had been returned "executed" by one of his deputies, an amendment of the return was permitted after the notice of motion had been served and the case had been docketed, and the case proceeded on the amended return. Upon the question of amending the return the judges were agreed. Judge Moncure, in his opinion, said: "A court from which process is issued may permit the

sheriff's return thereon to be amended at any time, even though a suit or motion founded on the original return be then pending, and even though the proposed amendment be inconsistent with the original return, and take away the foundation of the suit or motion," citing *Wardsworth* v. *Miller*, 4 Gratt. 99; *Smith* v. *Triplett*, 4 Leigh, 590, and other cases. See also 1 Bart. Ch. Pr. 238.

In *Goolsby* v. *St. John*, 25 Gratt. 146, the same view was taken by the court with respect to amending a return on a writ of summons. In that case application was made to a court of equity for relief against a judgment by default, on the ground that the return on the writ upon which the judgment had been obtained was defective, and therefore that the defendants in the judgment had not been lawfully summoned. Relief, however, was denied on the ground that the complainants had an adequate remedy at law. "The appellants," said the court, "might have appeared in the circuit court at any time before the expiration of five years after the rendition of the judgment at law against them, and moved the court to set aside the judgment and all the proceedings in the suit subsequent to the return of the summons, on account of the defective return thereof. On such motion the sheriff might have *amended his return*, on leave obtained from the court for that purpose, and thus have *cured the defect*. But if he failed to do so, the court might have sustained the appellants' motion; in which case the plaintiff at law would have had to sue out a new summons, and the appellants would then have had an opportunity to make their defense at law."

In the light of these decisions, it would have been competent for the circuit court, whence the writ issued, to have permitted an amendment of the return, had the application to reverse the judgment been made to the court in term instead of to the judge thereof in vacation; and in this particular the authority of the judge in vacation is

the same as that conferred upon the court. The action of the judge of which the plaintiff in error complains is, therefore, right. There having been no voluntary appearance on the part of the defendant in the action, the jurisdiction of the court was dependent upon legal service of the writ, but not upon the sheriff's return. The return is evidence of the facts it recites, but it is not conclusive evidence against the jurisdiction in a proceeding to reverse a judgment by default, where the proceeding is commenced within the period limited by the statute, namely, five years from the date of such judgment. And in permitting the return to be amended in the present case, leave was not given to contradict the record, but only to show the truth in relation to the service of the writ; in other words, to show that jurisdiction had been lawfully acquired.

The case of *Settlemier* v. *Sullivan,* 97 U. S. 444, the principal case relied on by the plaintiff in error, is not in point. There a judgment by default obtained in one of the courts of Oregon was held void by a circuit court of the United States, on the ground that the sheriff's return on the summons issued in the action in which the judgment had been obtained was defective. And this ruling was affirmed by the supreme court of the United States, following a previous decision on a similar point by the supreme court of Oregon. It does not appear from the report of the case that the facts were alleged to have been incorrectly or not fully set forth in the return, except that the record recited, in general terms, that the defendant had been "duly served with process." Nor does it appear that any attempt was made to amend the return, and if a motion to that effect had been made, it could not have been granted in the Federal court. So that the decision in that case has no application to the case at bar.

And the same may be said of the case of *Carr* v. *Meade's Ex'x,* 77 Va. 142. In that case it was held that a sheriff's

return on an execution, which formed in part the basis of a decree in chancery in a suit subsequently brought by the sheriff himself, and chiefly for his own protection, was *res judicata*, and could not be amended or impeached by the sheriff or his sureties in a collateral proceeding. That was all that was decided in relation to amending a sheriff's return, and a glance at the case will show that no such question as that now before us was raised in the case, or could have been decided.

It is needless to comment upon other cases relied on by the plaintiff in error. It is sufficient to say that, like the cases just mentioned, they have no bearing on the present case. The order dismissing the motion is affirmed.

RICHARDSON, J., DISSENTED.

JUDGMENT AFFIRMED.