## Wytheville.

Shenandoah V. R. R. Co. v. Ashby's Trustees.

### June 27th, 1889.

1. Judgment— *Conclusiveness—Presumption—Exception.*—Presumption that court of general jurisdiction within its authority acts rightly and has jurisdiction to render its judgment until contrary appears, applies only to matters as to which the record is silent, and cannot operate to supply jurisdictional facts, which the returns must show affirmatively.

2. Idem—*Amendment of return.*—But the court before or after judgment, may permit, after any lapse of time the return of its process, original, mesne or final, to be amended, to correct a mistake or omission, even to take away a cause of action on the original return, though a suit thereon be then pending, and though the officer who made the return has gone out of office or be dead. The amendment relates back to the date of the original return. *Stotz* v. *Collins,* 83 Va., 423. But in no case ought this power be exercised, unless the court can see that it will be in furtherance of justice.

3. Idem—*Case at bar.*—Here return of summons was amended 13 years after judgment by default, to show that service of summons was on a director of defendant corporation in the county wherein he resided, and the judgment validated by the amendment.

*4. Idem—*Subsequent mortgages.*—If the judgment be duly docketed and nothing in the record shows it was invalid, when subsequent mortgages were executed, the existence of such mortgages should not prevent the amendment.

Heard at Staunton.   Decided at Wytheville.

Error to judgment of circuit court of Warren county, rendered October 20, 1887, in a motion wherein Thomas N. Ashby's trustees were plaintiffs, and the Shenandoah Valley

railroad company was defendant, to permit an amendment of a return made September 5, 1874, on a writ of summons served on a director of said company, in order to show that the service was in the county wherein the director resided. The amendment was allowed, and the company brought the case here on writ of error.

*W. H. Travers*, for the plaintiff in error.

*J. J. Williams*, for the defendant in error.

LEWIS, P., delivered the opinion of the court.

It appears from the record, that on the 4th of September, 1874, Thomas N. Ashby instituted an action of debt in the said court, against the Shenandoah Valley railroad company, for the sum of $5,231 90 and $11 90 costs, upon the transcript of a record of a judgment which he had previously recovered against the said company in one of the courts of West Virginia. On the original summons sued out in the action, return was made by John T. Lovell, a deputy of L. Leach, sheriff of Warren county, as follows:

"Executed the within summons in debt on September 5th, 1874, upon M. B. Buck, one of the directors of the Shenandoah Valley railroad company, by delivering to him a copy thereof. *John T. Lovell, D. S., for L. Leach, S. W. C.*"

At the ensuing October term, a judgment by default was rendered for the plaintiff, for the sum claimed in the declaration, which judgment was several years afterwards asserted by the trustees of the plaintiff, the defendant in error here, as a lien upon the property of the defendant company, in a certain chancery suit, pending in the circuit court of Roanoke city, wherein the Fidelity, Insurance, Trust, and Safe Deposit company was plaintiff, and the said railroad company was defendant.

But the claim was rejected, on the ground that the judgment was void, because there had been neither service of process upon, nor voluntary appearance by the defendant in the action wherein the judgment was recovered. Subsequently the trustees, after due notice, to-wit, on the 20th of October, 1887, moved the circuit court of Warren county, to permit the return to be amended, which motion was granted, and the return was accordingly amended by Lovell so as to read as follows:

"Executed the within summons in debt on September 5th, 1874, upon M. B. Buck, one of the directors of the Shenandoah Valley railroad company, by delivering to him a copy hereof, in the county of Warren, Virginia, in which county he resided at the time.—*John T. Lovell, D. S., for L. Leach, S. W. C.*"

The defendant company; the plaintiff in error here, complains of this action of the circuit court, permitting the return to be amended, and the principal ground of its complaint is, that inasmuch as the original return does not show that the summons was served in conformity with the requisitions of the statute relating to the service of process in such cases, upon the officers of a corporation, the service was without legal effect, and consequently the judgment founded upon it is void and cannot be validated by amendment of the return.

There is no doubt that the original return is defective, and does not of itself show that the defendant company was legally brought before the court, since the statute expressly enacts that service of process in such a case upon an officer of a corporation, shall be in the county or corporation in which he resides, and that "the return shall show this, and state on whom and where the service was, otherwise the service shall not be valid." Code 1873, ch. 166, sec. 7; Code 1887, sec. 3227.

It must, therefore, be conceded that unless leave to amend the return was rightly granted, the judgment is void. *Barksdale v. Neal*, 16 Gratt., 314; 4 Min. Inst., 532. Without the

amendment, the record presents a case, not of a defective service merely, but of no service at all.   In other words, it presents the case of a judgment rendered by a court without having acquired jurisdiction over the defendant, which is simply a nullity.   The rule that a court of general jurisdiction, acting within the scope of its authority, is presumed to act rightly and to have jurisdiction to render the judgment it pronounces, until the contrary appears, applies only as to those matters concerning which the record is silent; nor can it operate in a case like the present, to supply jurisdictional facts which the return, according to the statute, must show affirmatively. *Harris* v. *Hardeman*, 14 How., 334; *Settlemier* v. *Sullivan*, 97 U. S., 444; *Richards* v. *Ladd*, 6 Sawyer, 40.

We are of opinion, however, that the circuit court did not err in permitting the return to be amended, and that viewing the case in the light of the amended return, the judgment is valid and unassailable.   The case is not within the principle that proceedings which are void *ab initio* cannot be rendered valid by amendment, for here the effect of the amendment was not to confer jurisdiction upon the circuit court, but only to perfect the proof of the jurisdiction which it had previously acquired, but of which the evidence prescribed by the statute was wanting.   In other words, the amendment, by relating back to the original return and becoming in effect, a part of it, shows, in the prescribed form and manner, that the defendant company was duly served with process, and hence had notice and an opportunity to be heard, which are essential requisites to the jurisdiction of all courts.   *Dorr* v. *Rohr*, 82 Va., 359.

The extensive power with which every court is ordinarily clothed, to permit an amendment of a return of its own process, whether original, *mesne*, or final, for the correction of a casual and honest mistake or omission, is not affected by the statute above referred to, and may be exercised in all cases where it exists at all, as well after judgment as before.   In

some cases it has been exercised even to the extent of taking away altogether a cause of action, growing out of the original return, and even though a suit or motion founded on the original return was pending at the time. And it makes no difference that the officer by whom the return was made, has gone out of office; there being no specific limitation of time within which the power may be exercised, although after a considerable lapse of time, it should be exercised with caution, and in no case ought it to be exercised, unless the court can see that it will be in furtherance of justice.

In a proper case, however, leave to amend, so as to make the return speak the truth, ought to be and usually is, liberally granted, and when the amendment is made, the same effect is to be given to the return, as amended, as though it had at first been put in its present form. In other words, "the amendment takes effect by relation, and operates as if made at the same time as the original return." Freem. Executions, sec. 359, 360; 4 Min. Inst., 839; *Stone* v. *Wilson*, 10 Gratt., 529; *Walker* v. *Commonwealth*, 18 *Id.*, 13, 51; *Richards* v. *Ladd*, 6 Sawyer, 40; *Stotz* v. *Collins*, 83 Va., 423, and cases cited.

This being so, it follows that the objection founded upon the form of the original return cannot be sustained. Nor is the position maintainable that the amendment operates to the prejudice of certain creditors of the defendant company, whose debts are secured by mortgages executed subsequent to the rendition of the judgment in October, 1874.

There are cases which hold, and we do not question the doctrine, that an amendment of a return will not be permitted to affect injuriously the rights of third persons, which have attached in the mean time, and which were acquired upon the faith of the verity of the original return. But the present is not a case of that class. The judgment was duly docketed, and there is nothing in the record to show that when the mortgages were executed, the judgment was not supposed to be

valid.  At all events, the liens were acquired subject to the right of the plaintiff in the judgment to have the record perfected, as has been done.

The order permitting the amendment must, therefore, be affirmed with costs.

JUDGMENT AFFIRMED.