# Richmond.

## COMMERCIAL UNION ASSURANCE CO. v. EVERHART'S ADM'R.

### March 31st, 1892.

1. PRACTICE AT COMMON LAW—*Amendment of returns.*—After judgment by default, the court may allow sheriff to amend his return so as to show a proper service. *Stotz* v. *Collins,* 83 Va. 423.
2. IDEM—*Action on insurance policy—Writ of enquiry.*—Under Code, § 3385, judgment cannot be entered, without a writ of enquiry at rules, in action on insurance policy providing that, if there be other insurances on the property, the loss, if any, shall be adjusted among the several insurers, as such policy is not such " a writing for the payment of money " as is contemplated by said section.

Error to judgment of circuit court of Clarke county, rendered March 10th, 1891, in an action on an insurance policy wherein Everhart's administrator was plaintiff, and the plaintiff in error, the Commercial Union Assurance Company (limited) of London,. was defendant. Opinion states the case.

*E. S. Conrad* and *Staples & Munford,* for plaintiff in error.

*M. McCormick,* for defendant in error.

LACY, J., delivered the opinion of the court.

This action was trespass on the case in *assumpsit* by the defendant in error against the plaintiff in error for loss by fire on an insurance policy. The policy was issued by the plaintiff

in error to the intestate of the defendant in error against loss by fire on his frame barn to an amount not exceeding $1,500, with this condition attached:

" This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deductions for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality," " and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required, has been received by this company, including an award by appraisers, when appraisal shall be required."

And there were other conditions attached as to the ascertainment and adjustment of the loss.

The judgment was by default, growing out of a misunderstanding of local counsel as to the condition of the suit as to maturity and its preparation for trial, and the company defendant made no appearance, and was surprised by the judgment.

The action, as stated, was trespass on the case in *assumpsit.* No account was certified by the clerk and served, and there was no order for an inquiry of damages made at rules. The writ was served on the general agent of the company, resident at Richmond city, and also on Samuel M. Taylor, the sheriff's return of which is:

" Executed January 2d, 1891, by serving a copy of the within on Samuel M. Taylor, agent of the Commercial Union Assurance Company (limited), of London, in person, *he being a resident* of Clarke county, and there being no other person in said county upon whom service could be made.

" G. W. LEVI, Sheriff."

The declaration was filed, and at the term judgment was rendered by the court for the whole sum of $1,500, although there was other insurance on the property in another company, and the policy in question stipulated that in such case the company should be liable only for its proportion of any loss which the amount of its insurance should bear to the whole insurance on said property.

At the rules there was, as has been said, no order for an inquiry of damages, but at the second rules the common order made at the first rules was confirmed, and the case put upon the court docket.

The defendant moved the court to set aside the judgment, because there had been no inquiry of damages at rules, and the court had rendered judgment without the intervention of a jury to try the case, and because the service of the sheriff did not show that service was made *in the county*, as required by statute. The court caused the sheriff's return to be amended, and denied the motion to set aside the judgment because there had been no inquiry of damages at rules; whereupon the defendant applied for and obtained a writ of error to this court.

As to the return of the sheriff, its defect was cured by the amendment of the same according to the fact, and this was proper, as is decided in the case of *S. V. R. R. Co.* v. *Ashby, &c.*, 86 Va. 232; *Stotz* v. *Collins*, 83 Va. 423; *Stone* v. *Wilson*, 10 Gratt. 529; *Walker* v. *Commonwealth*, 18 Gratt. 13–51.

We will now consider the second assignment of error here, that an order at rules for an inquiry of damages was necessary in this suit under the statute.

Section 3284 of the Code of Virginia provides: " If a defendant who appears fail to plead, answer, or demur to the declaration or bill, a rule may be given him to plead. If he fail to appear at the rule-day at which the process against him is returned executed, or when it is returnable to a term at the first rule-day after it is returned, the plaintiff, if he has filed his declaration or bill, may have a conditional judgment or

decree *nisi* as to such defendant. No service of conditional judgment or decree *nisi* shall be necessary. But at the next rule-day after the same is. entered, if the defendant continues in default, or at the expiration of any rule upon him with which he fails to comply, if the case be in equity, the bill shall be entered as taken for confessed as to him; and if it be at law, judgment shall be entered against him, *with an order for the damages to be inquired into, when such inquiry is proper.*"

Was such an inquiry proper in this case ?

Section 3285 provides: " There need be no such inquiry in any action *upon any bond or other writing for the payment of money*, or against the drawer or endorser of a bill of exchange or negotiable note, or in an action of *scire facias* upon a judgment, for recognizance, or in an action upon an account, wherein the plaintiff shall serve the defendant at the same time and same manner that the process or summons to commence the suit or action is served, with a copy (certified by the clerk of the court in which the suit or action is brought) of the account on which the suit or action is brought, stating distinctly the several items of his claim, and the aggregate amount thereof, and the time from which he claims interest thereon, and the credits, if any, to which the defendant may be entitled. But this section shall not apply to any action on an account in which the process is served by publication."

There was no account served in the manner prescribed in the foregoing section; but it is contended by the defendant in error that it is an action upon a writing for the payment of money, within the meaning of the statute just quoted, and that there was no requisite in the law for an order of inquiry of damages. Other writing for the payment of money has been often defined in this court, as the statute in a form similar to this section, has long been in force in this state. 1 R. C. 819, p. 508, § 79; p. 507, § 73. Mr. Robinson's Practice (old ed.), Vol. I, p. 170.

In *Hunt, &c.* v. *McRae*, 6 Munf. 454, the declaration was in

debt for money lent, but said nothing of any contract in writing, and judgment was confirmed in the office, which became final.

This court was of opinion that the judgment was erroneous in this; that it was made final on a declaration claiming a debt due for money loaned, and not alleged to be founded on any specialty, bill, or note in writing. It was therefore reversed, and the cause remanded for a writ of inquiry to be issued, unless the defendant should plead to issue.

It was held before the statute was changed to its present form, that a negotiable note was not, as to the endorser, a writing for the payment of money, although so as to the drawer, because the undertaking of the endorser is not for the payment of money absolutely, but is a collateral contract to pay it under certain circumstances. *Hatcher* v. *Lewis*, 4 Rand. 152; *Metcalfe* v. *Battaile*, Gilm. 191. See, also, *Rees* v. *Conocheague Bank*, 5 Rand. 326; *Shelton* v. *Welsh*, 7 Leigh, 175.

In *James River & Kanawha Co.* v. *Lee*, 16 Gratt. 429, it is said: "These cases clearly show that under the Code of 1819 the award of a writ of enquiry was necessary in every case of an office judgment against a defendant, except the case of an action of debt upon an instrument of writing for the payment of an ascertained sum of money absolutely and unconditionally."

The statute has been extended so as to include indorser as well as drawer of a negotiable note, and in the present statute the words "action of debt" have disappeared, and "any action upon a bond or other writing for the payment of money" appear in lieu thereof. The statute means other writings like a bond for the payment of a sum ascertained and certain. *Noscitur a sociis*, bond or other writing for the payment of money can have no other meaning, and cannot be extended to cover any contract where no sum of money is agreed to be paid by virtue thereof. The contract in question was not a contract to pay $1,500, but one to pay what should appear, upon inquiry

and investigation and valuation, to be due ; and further, upon a just rating with other insurers, if any, which in no event should exceed $1,500.

Where the court came to render judgment this difficulty became apparent, and the court sought to avoid it by the entry, " after hearing the evidence." Evidence upon what? There was no writ of inquiry, no plea, no issue. The claim of the plaintiff had been adjudged to him, and there was no denial of it, if the court meant to institute a writ of inquiry.

Under the statute (sec. 3383) the court was not authorized to render judgment until after a writ of inquiry had been awarded at rules. This is the law's prescript, and must be followed.

The action of the circuit court was erroneous, and upon the motion of the defendant the judgment thus improperly rendered by default should have been set aside and annulled, and the case sent back to rules for the order for the inquiry of of damages as the law directs. *Botts* v. *Pollard*, 11 Leigh, 456–'7.

We are of opinion, for these reasons, to reverse and remand the case for an inquiry of damages at rules.

JUDGMENT REVERSED.