| 92 | 201 |
| 95 | 438 |
| 92 | 201 |
| 105 | 681 |
| o105 | 682 |
| 92 | 201 |
| f106 | 317 |

## Staunton.

STAUNTON PERPETUAL BUILDING AND LOAN COMPANY

v.

HADEN, TRUSTEE, AND OTHERS.

### OCTOBER 8, 1895.

1. JUDGMENT AGAINST CORPORATIONS—*Service of Process—Void Judgment—Collateral Attack.*—A judgment by default against a corporation, rendered on return of a summons which shows that it was executed on an officer of the company in a county other than that wherein the suit was brought, and was not served ten days before the return day thereof, is a void judgment, and may be assailed collaterally by third parties. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void.

2. JUDGMENTS—*Constructive Service of Process.*—Where constructive service of process is allowed in lieu of personal service, the terms of the statute by which it is authorized and prescribed must be strictly followed, or the service will be invalid, and the judgment rendered thereon by default void.

3. VOID JUDGMENT—*Notice—Ratification — Resisting Payment.* — A void judgment does not bind any one, and no act of ratification can impart vitality to it. Its payment may be resisted by other creditors interested in the fund sought to be subjected, and who would be prejudiced thereby.

Appeal from a decree of the Circuit Court of Alleghany county, pronounced March 25, 1895, in a suit in chancery wherein George K. Anderson and Benjamin Haden, trustees, were the complainants, and the West Clifton Forge Investment Company was the defendant, in which suit the appellant sought to assert a judgment against the defendant.

*Affirmed.*

The opinion states the case.

*Patrick & Gordon*, for the appellant.

*R. L. Parrish* and *George A. Rivercomb*, for the appellees.

KEITH, P., delivered the opinion of the court.

George K. Anderson and Benjamin Haden, trustees in a deed from the West Clifton Forge Investment Company, filed their bill in the Circuit Court of Alleghany county, asking the instruction and aid of that court in the discharge of their duties. The company was made a party defendant, and a decree was entered referring the case to a commissioner to report the indebtedness of the defendant company, its property, and the liens upon it.

Among the judgments against the company was one obtained in the Hustings Court of the city of Staunton, on September 17, 1891, in the name of the Staunton Perpetual Building and Loan Company against the West Clifton Forge Investment Company and John Donovan. The commissioner reported against the validity of this judgment, and the report having been excepted to by the plaintiff in the judgment, the Circuit Court overruled the exception and sustained the action of the commissioner. From that decree the Staunton Perpetual Building and Loan Company appealed to this court.

The suit which terminated in the judgment under consideration was instituted in the Hustings Court of the city of Staunton, against the West Clifton Forge Investment Company and John Donovan, the court acquiring jurisdiction to entertain the suit by reason of the fact that John Donovan was a resident of that city. Process to answer the suit was issued from the clerk's office of the Hustings Court, and was

duly executed in the city of Staunton on John Donovan, August 1, 1891.  A writ in the same cause was issued August 1, 1891, directed to the sheriff of Alleghany county, returnable on the third Monday in August, 1891, upon which the following return was endorsed by the sheriff of that county :

"Executed August 14, 1891, by delivering in person to George Swann, General Manager, Secretary and Treasurer of the West Clifton Forge Investment Company, a true copy hereof ; said Swann being a resident of Clifton Forge, Alleghany county, Va.

"S. G. BYERS, S. A. C."

Declaration was filed on the first Monday in August, 1891, and on September 17, 1891, the following judgment was entered :

"Staunton Perpetual Building and Loan Com-
                         pany,                              Plaintiff,
                              *v.*
The West Clifton Forge Investment Company
             and John Donovan,                       Defendants.

"This day came the plaintiff, by its attorneys, and it appearing that the plaintiff had filed its declaration, and that the defendants failed to appear and plead at rules, and have not appeared or plead at this term, it is considered by the court that the judgment entered at rules be confirmed, and that the plaintiff recover against the defendants the sum of $2,926.25, the damages in the declaration mentioned, with interest on $2,650, a part thereof, from the 22d day of September, 1890, until paid, and its costs by it about its suit in that behalf expended."

It will thus be seen that if the Hustings Court of the city

of Staunton acquired jurisdiction as to the West Clifton Forge Investment Company, it did so by virtue of the force and effect of the summons sent to Alleghany county, and the return of the sheriff made thereon. The terms of the judgment, as above set out, preclude the idea that the court acquired jurisdiction in any other manner. The question, then, is, was the return of the sheriff sufficient to bring the person of the defendant company within the jurisdiction of the Hustings Court?

The effect attributed to the actual service of process in conferring jurisdiction over the person is very different from the effect of that constructive service which derives its efficacy from a statute. Where there has been personal service upon a defendant, mere irregularity is not sufficient to defeat the jurisdiction of the court; but where the service is wholly dependent upon a statute for its efficacy, it has no validity unless the terms of the statute by which it is authorized and prescribed are strictly followed. Section 3225 of the Code sets out the various officials upon whom process against or notice to corporations may be served. Nothing could be more general and comprehensive than its provisions, and it was doubtless a wise and proper measure of relief. Inasmuch, however, as the effect of that act permitted corporations to be impleaded by a notice or summons served, in many instances, upon its subordinate officers, it was provided in section 3227 as follows:

"Service on any person under either of the two preceding sections [3225, 3226] shall be by delivering to him a copy of the process or notice in the county or corporation wherein he resides, or his place of business is, or the principal office of the corporation is located; and the return shall show this, and state on whom and when the service was; otherwise it shall not be valid. If the process or notice be served on an agent, or be served in any other county or corporation than that wherein the suit or proceeding is brought or had, it shall be served at least ten days before the return day of such process or notice."

The return of the sheriff in this case violates the latter clause of the statute just quoted. It was served upon an officer of the corporation in the county of Alleghany. The suit having been brought in the city of Staunton, in the county of Augusta, it should have been served at least ten days before the return day of such process or notice. It is manifest, upon the most casual inspection of the return, that this plain mandate of the law was not observed. The writ is made returnable on the third Monday in August, 1891. It was executed on August 14, 1891. It is certain that the third Monday in August could not be later than the 21st day of the month. If, therefore, the third Monday in August, 1891, came upon the latest day upon which the third Monday in a month can fall, it would have been on the 21st, which is less than ten days after the day upon which it was executed. There is no occasion to resort to extraneous testimony. It is obvious upon inspection of the writ and return. That this was a judgment by default cannot be questioned. See *Davis* v. *Commonwealth*, 16 Gratt. 134, and *Goolsby* v. *St. John*, 25 Gratt. 146. And therefore we must look to the writ to ascertain whether or not the court had properly acquired jurisdiction over the person to render the judgment.

As has been said, if the court acquired jurisdiction in this case, it was only by virtue of the return made by the sheriff of Alleghany county upon the summons directed to him. That return, as we have seen, fails to comply with the requirements of the law in an essential particular.

In 4 Minor's Inst. 647, speaking of service of process in a mode substituted by the statute in lieu of personal service, it is said : " The procedure is a departure from the common law, and must be strictly followed. And, unless it appears from the record that the return was duly made, the judgment by default is void." "And hence, if any prescribed interval of time is required to elapse between the date of the service of

the process and the return day, or before the judgment by default, it must appear by the record that such required interval did intervene accordingly." And at page 648 the same author says : " A judgment by default which does not appear to be founded upon sufficient process duly served is wholly void."

Being a service regulated by statute, the law should have been strictly pursued, and this not having been done, but having been wholly disregarded, we are of opinion that the summons and the return thereon were ineffectual to bring the defendant, the West Clifton Forge Investment Company, before the Hustings Court of the city of Staunton ; that that court acquired no jurisdiction over it ; and that the judgment rendered by that court was, as to this defendant, null and void.

It is claimed, however, upon the authority of *Goolsby* v. *St. John*, 25 Gratt. 146, and cases of which that may be considered the type, that the validity of a judgment cannot be enquired into or impeached in a collateral proceeding, but that it can only be attacked directly in the mode provided by the statute. If that be the only mode by which the effect of void judgments can be obviated (which, with all respect to the authority of the cases referred to, we by no means concede), they may be the objects of the grossest wrong and injustice. The statute relied upon in *Goolsby* v. *St. John* is available only to parties to the judgment. Therefore, the reasoning upon which that case rests is inapplicable to third persons, whose rights may be imperiled, or indeed destroyed, by such a judgment. The relief in that case was denied because the party to the judgment had an adequate remedy at law, and it is admitted in the opinion that relief in equity could have been invoked had not the remedy at law existed.

If the return of the sheriff did not bring the defendant under the jurisdiction of the court, its judgment is void.

In *Underwood* v. *Mc Veigh*, 23 Gratt., at p. 419, quoting from *Bloom* v. *Burdick*, 1 Hill (N. Y.) 130, it is said : " It is a cardinal principle in the administration of justice that no man can be condemned or divested of his right until he has had the opportunity of being heard ; and, if judgment is rendered against him before that is done, the proceeding will be as utterly void as if the court had undertaken to act where the subject-matter was not within its cognizance."

In Freeman on Judgments, sec. 117, it is said : " A void judgment is in legal effect no judgment. By it no rights are divested. From it no rights are obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it, and all claims flowing out of it, are void. A purchaser at a sale by virtue of its authority finds himself without title and without redress. If it be null, no action upon the part of the plaintiff, no inaction upon the part of the defendant, no resulting equity in the hands of third persons, can invest it with any of the elements of power or of vitality."

In 78 Va., at page 616, Judge Lewis says : " Jurisdiction of the cause and parties is essential to the conclusiveness of a judgment or decree. To acquire jurisdiction of the defendant, it is necessary that in some appropriate way he be notified of the pendency of the suit. If, upon the inspection of the record, it appears that no such notice has been given, the judgment or decree is void."

In 82 Va., at page 363, Judge Lacy says : " Notice and an opportunity to be heard are essential requisites to the jurisdiction of all courts, and judgment without jurisdiction is a nullity." See also *Settlemier* v. *Sullivan*, 97 U. S. 444 ; *Galpin* v. *Page*, 18 Wallace, at p. 366.

In *Settlemier* v. *Sullivan* it appears that the notice was served, not upon the defendant personally, but upon his wife, by delivering copies to her at their usual abode, she being a

white woman over fourteen years of age; but the sheriff's return did not state, as the statute required, that the defendant could not be found, or give any reason why personal service was not made upon him. The judgment rendered upon that summons was attacked not only collaterally, but it was done in an action of ejectment brought for the recovery of land acquired under a sheriff's deed, by virtue of a sale under an execution upon the judgment obtained upon that return. No stronger case could be imagined, and yet Mr. Justice Field, delivering the opinion of the court, at p. 447, says: "Service upon the wife of the defendant was not service upon him. No theoretical unity of husband and wife can make service upon one equivalent to service upon the other. Personal citation to the defendant, or his voluntary appearance, is the essential preliminary to a purely personal judgment. * * * If it be admitted that substituted service of this kind upon some other member of the family is sufficient to give the court jurisdiction to render a personal judgment against its head, binding him to the payment of money or damages, it can only be where the condition upon which service is permissible is shown to exist. The inability of the officer to find the defendant was not a fact to be inferred, but a fact to be affirmatively stated in his return. The substituted service in actions purely *in personam* was a departure from the rule of the common law, and the authority for it, if it could be allowed at all, must have been strictly followed."

From the judgment in this case Mr. Justice Bradley, Mr. Chief Justice Waite, and Mr. Justice Harlan dissented, not upon any ground material to the case under consideration, but because the entry of the judgment in that case recited that the process was duly served, and, as was said by Mr. Justice Bradley: "The return of the sheriff, though it does not state all of the facts necessary to make the service good, yet does not contradict the recital." It was, therefore, the

well-considered and unanimous judgment of the Supreme Court upon a case exactly in point.

In the case of *Gray and Others* v. *Stuart & Palmer*, reported in 33 Gratt. 351, the syllabus, which is fully sustained by the case itself, says : " The judgment against Preston was void and a nullity, the court having no jurisdiction to render a judgment against him, he not having been served with process or appearing in the cause." *Wade* v. *Hancock*, 76 Va. 620.

It is unnecessary to cite additional authorities.

It seems that in this judgment, as entered, there was an item improperly embraced, by which the plaintiff recovered, in addition to the amount of its debt, ten per cent. thereon as attorney's fees. Counsel for the defendant company having called attention of counsel for the plaintiff to this improper charge, it was agreed that it should be stricken out, or rather that the judgment should be credited by the sum improperly embraced in it. It is claimed now that this was a waiver of all other errors and a ratification of the judgment. We do not think this contention can be sustained. If the judgment were only voidable, it could not be collaterally attacked. If the judgment is void, no act of ratification can impart vitality to it.

Nor do we think that there is any merit in the suggestion that, this judgment having been entered before the deed of trust was executed, the creditors secured in the deed are not in a position to make objection to it. The same answer may be given here as to the objection just disposed of. If the judgment were only voidable, the position would, perhaps, be tenable; but, if it were only voidable, it could not be collaterally attacked, and the contention would therefore be useless. But, as we have seen, from a void judgment no rights can be obtained. It neither binds nor bars anything. All acts performed under it and, all claims flowing out of it, are void.

But this is not strictly a case where a third party seeks the aid of a court of equity for relief against a void judgment. The creditors of the West Clifton Forge Investment Company are not attacking this judgment by a bill in equity. They merely resist an effort made by the judgment creditor to withdraw a fund which had been dedicated to the payment of their debts. That they have a right thus to defend themselves in a court of equity against an assault made upon their rights is, we believe, beyond question.

For these reasons we are of opinion that there is no error in the decree appealed from, and it is affirmed.

It having been suggested that the proceedings in the Hustings Court of the city of Staunton might be so amended in accordance with the facts as to validate the judgment of that court in favor of the appellant, the order of affirmance here will reserve leave to the appellant to apply to the Circuit Court of Alleghany county, upon the footing of such amendment, if it shall be made, for a rehearing of the decree complained of, and that such relief shall then be granted in that court as the parties may be entitled to, without prejudice by reason of the action of this court.

*Affirmed.*