# Richmond.

## Park Land and Improvement Company v. Lane.

### December 6, 1906.

1. Process—*Amendment of Return—Discretion of Trial Court.*—When a summons has been returned and filed the return of the officer thereon becomes a matter of record, and cannot be amended except by leave of the court. This permission is not granted as a matter of course, but only in furtherance of justice and in the exercise of an enlightened discretion after notice to the opposite party. The court, however, will not suffer a proposed amendment to be made without first being satisfied that it is true. For this purpose it may hear evidence, but if it is contradictory, or the court is left in doubt and uncertainty as to what the truth is, it will not permit the amendment.

2. Process—*Substituted Service—Personal Judgment.*—To authorize personal judgment on substituted service of process the terms of the statute authorizing such service must be strictly complied with. Courts cannot dispense with any of the statutory requirements, even though satisfied that the method actually adopted for giving the defendant notice was better than that prescribed by law.

3. Process—*Substituted Service—Service on Defendant's Wife—Explaining Purport.*—Service of a summons on a defendant by delivering a copy thereof to his wife is not sufficient where the officer's return fails to show that he gave her information of its purport, and a judgment by default on such service is void. The fact that the defendant actually received from his wife the copy left with her for him in time to have made defense to the suit is immaterial.

4. Process—*Dismissal of Case from Docket—Alias Summons.*—If after a final judgment has been entered and the case has been stricken from the docket such judgment is set aside on account of defective service of process, no *alias* summons can issue in the case. The proper course to have been pursued by the trial court in the case at bar, was, at the same time that it set aside the judgment, to have set aside the order striking the case from the docket. The plaintiff might then have sued out an *alias* summons and have proceeded with his suit.

Error to a judgment of the Corporation Court of the city of Roanoke, on a motion to reverse and annul a decree by default. Judgment for the plaintiff in the motion. Defendant assigns error.

*Amended and affirmed.*

At the hearing of the motion the defendant asked leave to permit the deputy-sheriff to amend his return so as to show due service of process in the chancery suit in which the decree was entered, but the court, after hearing evidence, refused to permit the return to be amended, and entered an order vacating the decree. Subsequently the defendant in the motion, who was plaintiff in the chancery suit, sued out an *alias* summons in the chancery suit and had it served on the defendant, but, on his motion, the *alias* summons was quashed on the ground that the clerk had no authority to issue it.

*Scott & Buchanan* and *Altizer & Watts,* for the plaintiff in error.

*C. W. Allen,* for the defendant in error.

Buchanan, J., delivered the opinion of the Court.

The first error assigned is to the refusal of the court to permit the return upon the original summons against the appellee to be amended upon the appellant's motion.

When the summons was returned and filed the return on it became a matter of record and could not be amended without permission of the court. *Goolsby* v. *St. John,* 25 Gratt. 146, 160, 4 Minor 937; *Stotz* v. *Collins, &c., Co.,* 83 Va. 423, 2 S. E. 737; Freeman on Executions, sec. 358. This permission is usually granted upon proper application made in the cause in which the writ or summons issued. But it is not granted as a matter of course, but only in the furtherance of justice and

in the exercise of an enlightened discretion after notice to the
opposite party. Code, sec. 3451; 3 Freeman on Executions,
sec. 358; *Shenandoah Valley R. Co.* v. *Ashby's Trustees*, 86 Va.
232, 9 S. E. 1003, 19 Am. St. Rep. 898.

The object of the amendment of a record, as Mr. Freeman
says, whether made by the court in the entries on its minutes,
judgments or other proceedings, or by the sheriff in the history
of his proceedings as stated in his return, is, or always should
be, to obtain a record which shall speak the exact truth. A
court will not suffer a proposed amendment to be made without
first being satisfied that it is true. 3 Freeman on Executions,
*supra; Bagley, Petitioner,* 132 Mass. 457. The court therefore
properly permitted the parties to introduce evidence as to the
question whether or not, when the deputy-sheriff delivered a
copy of the summons to the wife of the appellee, he explained
its purport to her.

The only persons who appear to have been present at that
time were the deputy-sheriff and the appellee's wife. The
officer, in his examination in chief, testified positively that when
he delivered the process to the appellee's wife he did explain its
purport to her, but on his cross-examination he stated that to
the best of his recollection he did so, but admitted that a few
days before he was testifying he had made an affidavit in which
he had stated that he did not recollect whether he had or not.
The appellee's wife testified positively that the officer did not
give her information as to the purport of the summons, but only
asked her to hand it to her husband when he returned home.
The other two witnesses knew nothing as to what took place
when the summons was delivered except what they were told.
The sheriff testified that his deputy told him a few days after it
was delivered that he had explained its purport. The appellee,
on the other hand, testified that his wife told him when she gave
him the process, that the officer did not tell her what the paper
was, but only asked her to hand it to her husband when he re-
turned home.

If this hearsay evidence was admissible, and it is by no means clear that it was, it is of little value. The trial court saw the witnesses, their manner of testifying and their bearing. The number of witnesses on each side were the same. Their evidence was in direct conflict. The officer's return and his affidavit to some extent lessened the weight of his testimony, and the court might very properly have held, as it did, that it was not satisfied that the proposed amendment was true, and therefore refused to permit it to be made. Indeed, the evidence was of such a character that no matter which way the trial court decided the question, an appellate court would not feel justified in reversing its action.

It is further insisted that the court erred in holding, upon the facts disclosed upon the motion to amend, that the summons had not been duly served on the appellee.

There were two ways of serving process upon the appellee— one by personal service and the other by substituted or constructive service. Although the appellee received from his wife the copy of the summons left with her for him a few days afterwards, in ample time to have made defense to the suit, and from that copy actually learned, or if he had read it carefully might have learned, its contents, the service was not a good personal service. Service upon the wife of appellee was not service upon him. It was not served in the manner required by law to be good personal service, and besides the appellee did not receive it until after the return day. The service upon appellee's wife was a substituted service, and no proposition of law is better settled than that where constructive service of process is allowed in lieu of personal service, the terms of the statute by which it is authorized must be strictly complied with, or the service will be invalid. *Staunton Building, &c., Co.* v. *Haden,* 92 Va. 201, 205, 209, 23 S. E. 285, and authorities cited. *Crockett's Admr.* v. *Etter, &c.,* 105 Va. 679, 54 S. E. 864.

The last-named decision was a case of substituted or constructive service. A copy of the process was handed to the wife

of the deefndant, but the return, which complied with the statute in all other respects, failed to show that she was at her husband's usual place of abode when she received the summons. It was held that the service was invalid and that the judgment rendered thereon by default was void.

This giving of information as to the purport of the process is a material requirement of the statute. *Vandever* v. *Roberts,* 4 W. Va. 493; *Tompkins* v. *Wiltberger,* 56 Ill. 385, 389.

In cases of substituted service the duty of the moving party is fulfilled if he complies in every respect with the law which prescribes that mode of service. *Earle* v. *McVeigh,* 91 U. S. 503, 23 L. Ed. 285. If he does not strictly comply with the requirements of the statute the service is insufficient, although as a matter of fact what was done may have been a better method of giving the defendant notice of the proceeding against him than the method prescribed by law. The statute having prescribed what is necessary to constitute good substituted service the courts cannot dispense with any of its requirements and substitute something else in place of it.

The remaining assignment of error is to the action of the court in quashing an *alias* summons issued against the appellee upon the original bill, after the court had set aside the decree rendered against him by default.

That process was issued by the clerk after the cause had been stricken from the docket, and was properly quashed. When the court set aside the decree against the appellee because the original process had not been served, so as to bring him before the court, it ought to have set aside the decree striking the case from the docket. This would have given the appellant the right to have sued out an *alias* summons against the appellee and to have proceeded with its suit against him. *Goolsby* v. *St. John,* 25 Gratt. 146, 160.

We are of opinion, therefore, to amend that decree in this respect, and affirm, with costs to the appellee as the party substantially prevailing.                    *Amended and affirmed.*