## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BUILDERS SUPPLY COMPANY OF HOPEWELL, INC.

v.

PIEDMONT LUMBER COMPANY, INC.

BUILDERS SUPPLY COMPANY OF HOPEWELL, INC.

v.

PEERLESS LUMBER COMPANY, INC.

January 24, 1918.

1. MUNICIPAL CORPORATIONS—*Jurisdiction of Corporation Court— Place of Business of Corporation.*—In the certificate of incorporation of the defendant company, the place wherein its principal office was to be located was designated as "Hopewell, Prince George county, Virginia." Afterwards the community known as Hopewell was severed from the county and incorporated as the city of Hopewell.

   *Held:* That, the severing of the territory from the county of Prince George, just as it changed the citizenship of every natural person then domiciled within the area thus severed, so it also changed the location of the principal offices of all corporations which were located within that area. And if defendant corporation's principal office was located in the territory incorporated as the city of Hopewell, the Corporation Court of that city had jurisdiction of an action against it.

2. ABATEMENT AND REVIVAL—*Presumptions and Burden of Proof.*— Upon a plea to the jurisdiction, or in abatement, just as is the case with other affirmative pleas, the burden of proof is, as a general rule, on the defendant.

3. SERVICE OF PROCESS—*Corporations.*—Section 14 of chapter 1 of the act concerning corporations (Acts 1902-04, chapter 442 [Code 1904, section 1105-a, subdivision 14] as amended by Acts 1910, chapter 35) requires every corporation of a certain class, where all of its officers and directors are nonresidents of the city or county where its principal office is located, to appoint an attorney in fact residing in such city or county, upon whom all legal process against the corpora-

29

tion may be served, and provides that if the company fails to appoint such attorney in fact, then all legal process against the corporation may be served upon the clerk of the court of such county or city wherein is located such principal office, having jurisdiction of such action or proceeding.

*Held:* That, under this statute returns of service of process against such corporations upon the clerk should affirmatively show that the principal office of the company sued is within the county or city in which the action is instituted, for the rule is that where constructive service of process is allowed **in lieu of** personal service, the terms of the statute by which it is authorized and prescribed must be strictly followed, or the service will be invalid and the judgment rendered thereon by default void. However, returns defective in this respect may be amended to show the jurisdictional fact even after judgment and removal on error to the Supreme Court of Appeals.

Error to a judgment of the Corporation Court of the city of Hopewell, in an action of assumpsit. Judgment for plaintiffs. Defendant assigns error.

*Remanded.*

The opinion states the case.

*Flaherty & Zeleznik,* for the plaintiff in error.

*Lightfoot & Tucker,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

These two cases present precisely similar questions, and by stipulation of counsel have been argued together. The Piedmont Lumber Company, Inc., and the Peerless Lumber Company, Inc. (hereinafter called the plaintiffs), instituted separate actions against the Builders Supply Company of Hopewell, Inc. (hereinafter called the defendant), in the Corporation Court of Hopewell, Va., which resulted in separate judgments against the defendant.

The question involved is whether or not the Corporation Court of the city of Hopewell had jurisdiction of the actions. It appears that at the time the causes of action arose and at the time of the incorporation of the defendant, the area now embraced in the city of Hopewell had not been incorporated, but was a part of the county of Prince George. In the certificate of incorporation of the defendant, the name of the county, city or town wherein its principal office was to be located is designated as "Hopewell, Prince George county, Virginia." This designation, certainly at that time, fixed the location of the principal office of the defendant company in the county of Prince George, because there was then no incorporated city of Hopewell, the unincorporated community of Hopewell being then a part of such county. Since then, by the act approved February 26, 1916 (Acts, 1916, p. 89) that community theretofore known as Hopewell has been severed from the county and incorporated as the city of Hopewell. For the defendant it is claimed that as the charter locates the principal office in the county, it remains there even though now actually located within the geographical area which has since been incorporated as the city of Hopewell; whereas the plaintiffs claim that by the act of incorporation the principal office theretofore in the county was transferred to the city. This is the question which was chiefly argued, which was raised in the lower court by the defendant, by motion to dismiss for want of jurisdiction, plea in abatement, and by motion in arrest of judgment for errors appearing on the face of the record.

No authorities precisely in point have been cited by counsel, and the question appears to be one of first impression in this State. As to its proper determination, however, we have no doubt. The severing of the territory from the county of Prince George, just as it changed the citizenship of every natural person then domiciled within the area thus severed, so it also changed the location of the principal

offices of all corporations which were located within that area. Any other construction would lead to hopeless confusion. While the Virginia statute only requires that the certificate of incorporation shall designate the name of the county (and post-office address therein), city or town wherein the principal office of the corporation "In this State is to be located," it is nevertheless true that the location of the principal office of every corporation must be at some particular place within such city, county or town. If the charter itself does not designate such particular location therein, the company must, if it undertakes to execute its corporate powers, establish such particular location. If thereafter the territory in which such principal office is located is severed from the particular county, city or town, designated in the certificate of incorporation, then such severance carries with it such principal office, just as it carries with it the natural persons and property of that territory. Just as the political rights of the citizens must thereafter be exercised within the jurisdiction of the new county, city or town, and their taxes there paid to the local officers of such new municipality, so the taxes of the corporations the principal offices of which are located within such area must also be paid to such local officials. If the county of Prince George had been divided into two counties and each given a different name, the principal offices of all the corporations theretofore located in the county of Prince George would, by operation of law, be transferred to one or the other of the new counties. The city of Manchester has recently been consolidated with the city of Richmond, and all corporations whose offices were theretofore located within the city of Manchester, from the date such consolidation became effective, were thereby changed and located within the city of Richmond.

The question, then, is one of fact—that is, whether the office of the defendant company was located at the time of

the incorporation of the city of Hopewell, and at the time of the institution of the actions, within that territory which is now embraced within the corporate limits of the city of Hopewell. In view of the fact that the cases were argued upon the assumption that this is true, we shall assume it to be a fact, and for the further reason that upon a plea to the jurisdiction, or in abatement, just as is the case with other affirmative pleas, the burden of proof is, as a general rule, on the defendant. 1 C. J. p. 275, and cases cited in note. The jurisdiction of the Corporation Court of the city of Hopewell to entertain these actions is perfectly clear, without any reference to where the causes of action arose, if it be true as a physical fact that the principal office of the defendant company was within the corporate limits of Hopewell at the time the actions were instituted.

There is another point in the cases requiring attention. The defendant moved to quash the returns of the officer upon the writs. These returns were in these words: "Executed on the 12th day of August, 1916, by delivering within the city of Hopewell, Virginia, a true copy of the within summons to W. I. Gilkeson, clerk of the Corporation Court of the city of Hopewell, in person, none of the officers or directors of Builders Supply Company of Hopewell, Inc., being residents of the city of Hopewell or the county of Prince George and no person having been designated, upon whom service of process may be made in accordance with the provisions of section 14, chapter 1 of the act concerning corporations."

It will be noted that the process was served upon the clerk of the Corporation Court of the city of Hopewell, and this by authority of section 14 of chapter 1 of the act concerning corporations (Acts 1902-04, c. 442 [Code 1904, § 1105a, subd. 14] as amended by Acts 1910, c. 35). This section requires every corporation of this class, where all of its officers and directors are non-residents of the city or county

where its principal office is located, to appoint an attorney in fact residing in such city or county, upon whom all legal process against the corporation may be served, and provides that if the company fails to appoint such attorney in fact, then all legal process against the corporation may be served upon the clerk of the court of such county or city wherein is located such principal office, having jurisdiction of such action or proceeding.

These returns are defective, in that they fail to show that the principal office of the defendant was in the city of Hopewell. The reference in the returns to the county of Prince George may be treated as surplusage, because the sergeant of the city of Hopewell had no jurisdiction in the county; but the returns should affirmatively show that the principal office of the company sued is within the county or city in which the action is instituted, for the rule is that where constructive service of process is allowed in lieu of personal service, the terms of the statute by which it is authorized and prescribed must be strictly followed, or the service will be invalid and the judgment rendered thereon by default void. *Staunton Perpetual Bldg. & L. Co.* v. *Haden, Trustee, et al.,* 92 Va. 201, 23 S. E. 285; 1 Va. L. Reg. 655, with note thereto by Judge E. C. Burks.

The court, in this case, should have required the sergeant of the city of Hopewell to amend his returns so as to show whether or not the principal office of the defendant company was within the area of the corporate limits of the city of Hopewell. It is established, however, in this State, that it is not too late now to make such amendments, and if the returns shall be amended so as to show the jurisdictional fact required, the cases should be affirmed. *Goolsby* v. *St. John,* 25 Gratt. (66 Va.) 146; *Stotz* v. *Collins,* 83 Va. 423; 2 S. E. 737; *Shenandoah Valley R. Co.* v. *Ashby's Trustee,* 86 Va. 232, 9 S. E. 1003, 19 Am. St. Rep. 898; *Finney* v. *Clark,* 86 Va. 354, 10 S. E. 569; *Commercial, etc., Co.* v.

*Everhart,* 88 Va. 952, 14 S. E. 836. If, however, when such returns shall be amended it shall appear that the principal office of the defendant was not within the corporate limits of the city of Hopewell at the time the process was executed, then the cases should be reversed and the actions dismissed.

The cases will, therefore, be remanded with leave to have the returns amended in accordance with the facts, within sixty days from this date.

*Remanded.*