## CIRCUIT COURT OF HENRICO COUNTY

Hawthorne Sales & Leasing Corp.

v.

Claude C. Coleman, Jr.

June 18, 1975

Case No. A-735

By JUDGE E. BALLARD BAKER

Defendant's Plea in Abatement is based on the fact that the warrant commencing this action in the District Court was served at the defendant's usual place of business on his secretary. Such service does not comply with § 8-51.

Under § 16.1-76, the District Court was a proper venue, and if proper service was obtained on the defendant the Plea in Abatement fails.

In consideration of the letters of Counsel on this and the various process sections, § 8-53 becomes important, though overlooked. Section 8-53 says:

A notice in writing, however, which has reached its destination within the time prescribed by law, if any, shall be sufficient, although not served in the manner mentioned in the two preceding sections.

This language came into the 1919 Code as the last sentence of § 6041. The Revisors' Note states it was intended to change the law of Park L. & I. Co. v. Lane, 106 Va. 304. In that case, process against a husband

was actually served on the wife, at the usual place of abode, without explaining the purport. This was held to be invalid service although the husband did in fact receive the notice from his wife.

Section 8-53 would make the service in <u>Park</u> lawful. It would make service here good, if the defendant did in fact receive the warrant in proper time. The sheriff's return does not, and in no case under § 8-53 could it, show that the warrant reached its destination in time.

I am not aware of any "time prescribed by law" for the service of a warrant out of a district court. Certainly, however, the service would have to be prior to the day of trial. Did the defendant receive this warrant prior to the day of trial?

The warrant has written upon it a statement that the defendant "is present in person with his atty . . ." This is on the same paper which contains the sheriff's return. It is the basic paper on which this Court tries the case. VC § 16.1-112.

Absent an allegation in the Plea in Abatement that the defendant never received the warrant or was not present, I see no reason why the above statement cannot be accepted as indicating that the defendant did in fact receive the warrant prior to the trial below. If so, then § 8-53 has been satisfied. Also, it is obvious it was received prior to the appeal to this Court.

A Plea in Abatement is a dilatory plea. To sustain defendant's position here would merely require the plaintiff to start all over again, which could be done in the same District Court. VC, § 16.1-76.

Under the circumstances, the Plea in Abatement will be overruled.