WILLIAM M. PRICE ET AL.

v.

ARTHUR FARRAR ET AL.

1. JOINING ISSUE ON DEFECTIVE PLEA.—Although the plea of *nil debet* is insufficient to an action of debt upon a bond, yet where the plaintiff joins issue upon such plea, he thereby puts in issue every material allegation in the declaration, and the burden of proof is upon him to prove his declaration.

2. COLLECTIONS BY JUSTICE.—Where a magistrate assumes to act in his official capacity in rendering judgment upon claims left with him for collection, he thereby abandons his agency in respect to such claims, if any such ever existed, and his securities on his official bond are estopped by his own docket from showing that he acted in their collection merely as agent.

3. JUSTICE FAILING TO PAY OVER—DEMAND NECESSARY.—In an action

Price v. Farrar.

against the sureties of a justice of the peace for a breach of his official bond in failing to pay over moneys collected, the mere fact that the justice died without paying over the money does not constitute a breach of the bond, without some proof by plaintiff of a demand and refusal of payment, or other omission of official duty.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed January 13, 1880.

Mr. J. L. RAY and Mr. W. A. DAY, for appellants; that the judgments rendered by the justice on claims left for collection were void, and can be attacked collaterally, cited White v. Jones, 38 Ill. 160; Miller v. Handy, 40 Ill. 449; Campbell v. McCahan, 41 Ill. 46; Huls v. Buntin, 47 Ill. 396; Hunt v. City of Chicago, 60 Ill. 183; Hammers v. Dole, 61 Ill. 307.

The verdict for damages only, was not sufficient, and the court could not amend by adding to it the amount of the penalty in the bond: Frazier v. Laughlin, 1 Gilm. 185; Hinckley v. West, 4 Gilm. 136; Bodine v. Swisher, 66 Ill. 536.

The burden is upon plaintiff to prove non-payment: Phillips on Ev. 221.

The presumption is, that an officer has done his duty: Rex v. Twining, 2 Barn. & Ald. 386; Williams v. East India Co. 3 East. 192; Monk v. Butler, 1 Rol. 83; Viner title "Evidence;" Greenborough v. Underhill, 12 Vt. 604; Beardstown v. Virginia, 76 Ill. 34; Todemir v. Aspinwall, 43 Ill. 401; Ballance v. Underhill, 3 Scam. 453; Hartwell v. Root, 19 Johns. 345; Great West. R. R. Co. v. Bacon, 30 Ill. 347.

Mr. THOMAS J. SMITH and Mr. J. S. WOLFE, for appellees; that the bond is good as a common law bond, cited Williamson v. Wolf, 37 Ala. 298; Green v. Wardwell, 17 Ill. 278; People v. Ammons, 5 Gilm. 105; Laver v. McLachlin, 28 Wis. 364.

Police magistrates are justices of the peace: Town of Lewiston v. Proctor, 23 Ill. 533.

The burden is upon defendants to prove payment: Graves v. Bruen, 11 Ill. 431; Johnston v. Maples, 49 Ill. 101; Heward v. Slagle, 52 Ill. 336; Byrne v. Ætna Ins. Co., 56 Ill, 321; People v. Price, 3 Bradwell, 15.

A demand for payment was unnecessary: Byrne v. Ætna Ins. Co., 56 Ill. 321.

McCulloch, J. This case was once before heard in this court, and will be found reported in 3 Bradwell, 15, where its main features are stated. The suit is against the sureties upon the official bond, as police magistrate, of one I. H. Hess, who died before the suit was brought. The first trial resulted in a verdict and judgment for appellants, which judgment was reversed in this court. The second trial resulted in a judgment against them, from which they have taken this appeal. We are now called upon to notice certain alleged errors committed by the Circuit Court, not brought to the attention of this court on the former hearing, for the reason, we presume, the present appellants had no reason to complain of them, inasmuch as the judgment of the Circuit Court was in their favor.

It is assigned for error that the Circuit Court erred in sustaining a demurrer to appellant's third and fifth pleas. The third plea we think was good in substance and answered the allegations of the several breaches. Upon special demurrer, it might possibly have been held bad, because it did not answer specifically each and every breach, but the demurrer being general, it could reach defects in the substance only of the plea. And inasmuch as there is no plea of general issue to an action of debt on a bond with conditions, but each and every material fact alleged in the declaration must be admitted or traversed by a special plea, it would ordinarily have been error to sustain the demurrer to this plea. The defense relied upon in the third plea was that the moneys sued for were not collected by Hess in his official capacity as justice of the peace, but that he had for a long time been acting as collecting agent of appellees, in which capacity, and not as an officer, he collected the money. There are, however, two sufficient answers to this position. It is incumbent upon appellants to show not only that the Circuit Court committed an error, but that the error operated to their prejudice. Now appellants filed the plea of *non est factum*, and with it the plea of *nil debet*. It is wholly unnecessary to cite authorities to show that when

demurred to, the plea of *nil debet* is an insufficient plea to an
action of debt on bond.   But appellees took issue upon this
plea, and this fact changes the whole phase of this record.   It
is well settled that although the plaintiff in such an action may
object to the sufficiency of this plea, yet if he takes issue upon
it, he thereby admits its sufficiency and puts in issue every ma-
terial allegation in the declaration.   It then operates as the
general issue, raised by the same plea, would in any other ac-
tion of debt, and throws upon the plaintiff the burden of prov-
ing the declaration.   1 Chitty Pl. 483; Rawlins v. Danvers, 5
Espinasse, 38; 2 Same, 187, N. 2 Anon; 2 Wilson 10; 1 Same,
38*a*, note 3 K.

· It therefore devolved upon appellees to prove that Hess did
receive the money in his official capacity, and their evidence
upon this point could have been rebutted by showing that he
received the money as agent and not as magistrate.   This could
have been done under the plea of *nil debet*.   So appellants
lost nothing by the ruling of the court in sustaining the de-
murrer.   The same reasoning would hold good as to the fifth
plea, but with regard to it we think in any event the demur-
rer was properly sustained.   A second answer to this position
is that the only breaches relied upon on the last trial, were
those wherein the evidence showed conclusively that Hess had
rendered judgments upon his docket as magistrate, and after-
wards collected the money.   We now hold, as this court did
on the former hearing, that, having assumed to act in his offi-
cial capacity in rendering judgment upon the claims, by that
act he abandoned his agency in respect to such claims, if he
ever occupied that position, and his securities are estopped by
his own docket from showing that he acted in their collection
merely as an agent.   Appellants could not, therefore, have sus-
tained the third plea by any legitimate evidence, had the de-
murrer to the same been overruled and issue joined thereon,
unless they could have shown that by some new authority, giv-
en after the rendition of these judgments, his agency was re-
newed.   We do not regard the evidence introduced or offered
to be introduced was of this character.   But it is earnestly
contended that the proofs failed to make out a case for the

plaintiffs. The proof showed very satisfactorily that the moneys sued for were collected by Hess in his official capacity, and there is no proof that they were ever paid to plaintiff below. They traced the money into the hands of Hess in his lifetime, then proved his death and rested their case. Appellants contend that he was authorized by law to collect the money, and having collected it, the fact of his dying created no breach. In answer to this position, appellee's counsel say that, having collected the money, it was the duty of Hess to pay it over, and that the burden of proving payment was upon the defendants below. In support of this view we are referred to what this court said in its former opinion in this case.

The language used on that occasion must be interpreted in the light of the question then under discussion. It must be observed that the appellants in that case were presenting to the consideration of the court certain errors alleged by them to have been committed by the court below to their prejudice. It was not pressed upon the attention of this court that the proof failed to make out such a case as to put the defendants to their defense. The instructions under discussion required the plaintiffs below to show by a preponderance of proof the non-payment of the money sued for. This was requiring too much. A breach of the condition of the bond may be shown in more ways than by proof of non-payment, at least to the extent of throwing the burden of proof upon the defendant. If demand had been made upon him for the money and he denied receiving it, although he had received it; if he had mixed the money with his own or otherwise converted it when received, such and similar facts might be sufficient to show a breach of duty and to throw the burden of proving subsequent payment upon him or his securities. We understood that no question of that kind was raised by the former record, but it seemed to be tacitly conceded that some proof of the breach was in the record, but that, notwithstanding that fact, the defendants were still insisting that the burden of proving non-payment of the money was upon the plaintiff. The rule is general and well understood that when a *prima facie* case is otherwise made out, if the defendant wishes to rely upon payment as an affirmative defense,

the burden is upon him to show it. But we cannot concede that the sureties of a public officer, a sheriff, for instance, becomes liable to be sued upon his official bond every time a sum of money comes into his hands, without proof of demand and refusal to pay, or some other breach of duty in respect thereto.

In Putnam v. Traeger, 66 Ill. 90, the Supreme Court held that in an action on a constable's bond for not returning an execution within the time required by law, it was held not sufficient to show by oral testimony that an execution issued upon a judgment had been placed in his hands, and that he had failed to return it, but that it was incumbent upon the plaintiff to either produce the execution or to prove its contents in order that the court might judge of its validity, for, if it was not valid, the officer was not bound to execute it, and could be guilty of no breach of duty in failing to execute a void writ. It has been held by good authority that a demand for and refusal to pay the money is indispensable in such a case. Kivett v. Massey, 63 N. C. 240; Patter v. Sturgis, 1 Dev. 79; White v. Miller, 3 D. & B. 55; Hyman v. Gray, 4 Jones, 155. We do not hold a demand in all cases to be necessary, for if it appeared that the officer had converted the money to his own use, he and his sureties would undoubtedly be liable without a demand, unless they could show payment. What would amount to sufficient evidence of conversion would depend upon the particular circumstances of each case. But usually an officer has committed no breach of official duty if after collecting the money he retains it at his office and has it ready to be paid over when called for. And should he die with the money in his possession, the mere fact of his dying would not operate as a breach of the bond. We hold, therefore, that there must be some evidence of a breach of official duty before the securities on the bond can be held liable, and then if they would discharge themselves by proof of payment the burden of proof is upon them. But as was held by this court on the former occasion, proof of non-payment is not essential in the first instance, for the breach of duty may be proved in some other way. There being no proof in this record that Hess committed any breach of official duty in his life-time, or that any demand and

refusal to pay has been made of his administrators, we must hold that appellees have failed to make out their case, and the verdict is not sustained by the evidence.

For this error the judgment is reversed and the cause remanded.

> Reversed and remanded.