# CHARLESTON.

MOREN *et al. v.* AMERICAN FIRE-CLAY CO. *et al.*

Submitted Sept. 10, 1897—Decided Nov. 20, 1897.

JUSTICE OF THE PEACE—*Docket Entries – Transcript.*

    The transcript of a justice's docket, noting the return of a summons by an officer, is not so conclusive as to render a judgment void for the reason that such return as set out in such transcript is defective, as the justice is not required to make other than a brief note of such return in his docket. (p. 46).

Appeal from Circuit Court, Hancock County.

Bill by John Moren against the American Fire-Clay Company and others. John Francy and Carrie S. Hilsinger filed petitions to be made parties plaintiff. There was an order sustaining defendant John H. Atkinson's demurrer to the bill, and from a decree of dismissal plaintiffs John Francy and Carrie S. Hilsinger appeal.

*Reversed.*

JOHN E. McKENNA, for appellants.

EWING, MELVIN & EWING, for appellees.

DENT, JUDGE:

John Moren, plaintiff, filed a bill in chancery in the Circuit Court of Hancock county against the American Fire-Clay Company and others, setting up a judgment lien against said company attacking certain conveyances and transfers of property to John H. Atkinson, defendant, as fraudulent and void, making various other lien creditors parties, and asking that the property of said company, with the liens and priorities thereon, be ascertained, and that such property be sold to satisfy such liens.   Defendant Atkinson appeared, and demurred to the bill and on the 3d day of April, 1897, the circuit court entered an order sustaining such demurrer, as follows:   "This cause came on this 3d day of April, 1897, upon the demurrer in writing of John H. Atkinson, one of the defendants, to the amended bill filed by the plaintiffs against him and others, which demurrer was set down for argument, and argued by counsel; and the court being of opinion that the judgment in favor of the plaintiff against the American Fire-Clay Company, obtained on the 20th day of June, 1895, before E. A. Hart, a justice of 'Hancock' county, for the sum of three hundred dollars and interest and cost, is void upon its face, there being no sufficient service of the summons in the cause, as appears by the transcript of such judgment exhibited with the bill, and that, in consequence, the plaintiff has not shown himself entitled to any lien upon the property mentioned in the bill, or to any remedy against it or against any of the parties defendant, it is adjudged, ordered and decreed that the said demurrer be, and the same is hereby, sustained; whereupon the complainant asked leave to amend by alleging in his said bill that in the action before E. A. Hart, justice, in which the said judgment for $300 was rendered in favor of the complainant, John Moren, the defendant the American Fire-Clay Company appeared on the 20th day of June, 1895, before the said justice to answer the said action by Thomas Stewart, its secretary, and that the said Thomas Stewart was then the secretary of the said de-

fendant the American Fire-Clay Company, and was duly authorized to appear for it to answer the said action; and the court, being of opinion that the proposed amendment will not avail to give the plaintiff a right to maintain his suit, doth overrule the motion of the plaintiff to amend Then came John Francy, receiver of the Toronto Banking. Company, and Carrie S. Hilsinger, who filed petitions herein on the 22d day of March, 1897, and moved that they be permitted to prosecute this suit as plaintiffs for their own benefit, or of such other lienors as may come in and contribute to the expenses of this suit, and that they have leave to file a bill for that purpose, which motion the court overrules. It is therefore adjudged, ordered and decreed that the plaintiff's bill and amended bill be dismissed, and that the defendant J. H. Atkinson recover of and against the plaintiff, John Moren, his costs by him about his defense herein expended." The plaintiff John Francy, receiver of the Toronto Banking Company, and Carrie S. Hilsinger, appeal, and assign as error (1) the sustaining of the demurrer; (2) the refusal to allow the suit to proceed in the name of Robert Francy, receiver of the Toronto Banking Company, and Carrie S. Hilsinger.

The transcript of the justice's record is as follows:

"State of West Virginia, Hancock County, to wit: John Moren *vs.* The American Fire-Clay Co. Suit to Recover $300, Due for Balance for Labor Performed. Before E. A. Hart, J. P.

"June 25th, 1895, personally came John Moren, who filed complaint, and gave bond for attachment, in the sum of six hundred dollars, with John Moren, principal and W. J. Huff, surety, and made an affidavit as is required by law, and, being a nonresident of the state of West Virginia, deposits five dollars security for costs. I issue summons, returnable June 20th, 1895, at 9 o'clock A. M., and order of attachment directed to any constable in said county. E. A. Hart, J. P.

"June 13th, 1895, Constable Wm. Chapman returned summons indorsed: 'Received this writ this 13th day of June, 1895, and served the within writ this 13th day of June, 1895, by delivering a true copy thereof to Thos.

Freeman, president of the American Fire-Clay Co., at its office in said county.'    E. A. Hart, J. P.

"June 20th, 1895, at 9 o'clock A. M., came John Moren, plaintiff, also came Thos. Stewart, secretary for defendant corporation. There being no defense made, and plaintiff having proven his claim to my satisfaction, it is now adjudged by me that John Moren, plaintiff, shall recover of the American Fire-Clay Co., defendant, the full sum of three hundred dollars, with interest from this date until paid, and costs taxed as per margin of this page; and for these sums an execution is issued, directed to Wm. Chapman, constable of said county.    E. A. Hart, J. P.

"Execution returned, and no property found.

"I, E. A. Hart, justice of Clay district, in Hancock county, W. Va., do certify that the above is a true transscript of my docket of the proceedings in the above case. Given under my hand, this 25th Sept., 1896.    E. A. Hart, J. P.

"Court's Cost,          1.70
"Justice's              3.65
                        ————

"5.35"

The defect claimed to render the judgment void is that the justice's docket fails to show that the service of summons was had in the county where the president of the corporation resided. The summons and return are not in the record, or made a part thereof. The judgment of a court having general jurisdiction, acting within the scope of its authority, is presumed to be right and unimpeachable in a collateral suit or proceeding, unless the want of jurisdiction clearly appears on the face thereof. If such be the case, it is void. *Railroad Co.* v. *Ashby's Trustee's*, 86 Va., 232, (9 S. E. 1003); 1 Freem. Judg'm. § 120a. To render such a judgment void for want of service, the record; as a whole, must positively show that the summons was not served on the defendant; in other words, that the return of the officer is so defective as to be invalid. This must affirmatively appear, and not be a question of doubt. The defect claimed in this case is amendable *Hopkins* v. *Railroad Co.*, 42 W. Va., 535 (26 S. E. 187); *Railroad Co.* v. *Ashby's Trustees, supra.* and, if committed, may have been

amended in some proper proceeding for the purpose. But does it exist? The return of the officer is not before the court, but only the entry made thereof by the justice on his docket. This is not conclusive. Nor was the justice required to set out the same in full, but only to make a brief note thereof; and this, not for the purpose of showing the jurisdiction on the face of the judgment. The judgment of a court at common law is an absolute verity, but it is not so with the entries of a justice's docket. They are not conclusive, but are subject to impeachment for errors or omissions. Code, c. 50, ss. 179, 182. Therefore, to render the judgment of a justice void on account of invalid service of process, it is not sufficient that the entries in the justice's docket fail to show the service valid; for other parts of the record, if produced, may supply the deficiency, and render the judgment valid. In bringing suit to enforce the lien of the judgment, it was not necessary to produce the whole record, but only a transcript of the justice's docket; and it was not required of the plaintiff to allege and show due service of the process. The transcript of the docket to the extent that it attempts to give the return of the officer who served the summons is mere surplusage so far are plaintiff's suit was concerned, and is wholly insufficient to sustain the demurrer, and justly the dismissal of the bill. The bill having been dismissed for this reason alone, it becomes unnecessary to pass on the other points raised, as they can be corrected in the circuit court. The decree is reversed and the cause is remanded for further proceedings according to the rules of equity.

*Reversed.*