# CHARLESTON.

FISHBURNE *v.* BALDWIN *et al.*

Submitted January 23, 1899—Decided March 18, 1899.

1. JUSTICE OF THE PEACE—*Summons—Judgment.*
     A judgment of a justice, which is plainly intended to be against two defendants named in the heading and summons is not invalid for the reason that the word "defendant" is used in the body thereof instead of the word "defendants." (p. 20).

2. JUSTICE OF THE PEACE—*Justice's Docket—Nonappearance.*
     The fact that the justice does not state in so many words on his docket that he waited one hour for the appearance of the defendants does not render the judgment invalid. The statement that "the defendant not appearing" is a sufficient compliance with section 179, chapter 50, Code. (p. 20).

3. JUSTICE OF THE PEACE—*Judgment—Collateral Attack—Clerical Errors.*
     The judgment of a justice can not be attacked collaterally for mere amendable clerical omissions not in any wise invalidating the judgment, or rendering it uncertain as to time, parties, or the amount thereof. (p. 20).

Appeal from Circuit Court, Mercer County.

Suit by J. R. Fishburne, special receiver, against Kate A. Baldwin and others. Demurrer to the bill sustained, and plaintiff appeals.

*Reversed.*

W. W. McCLAUGHERTY, for appellant.

A. W. REYNOLDS, for appellees.

DENT, PRESIDENT:

In the case of J. R. Fishburne, special receiver, against Kate A. Baldwin and others, being a suit in chancery instituted in the circuit court of Mercer County to enforce a judgment lien, the following proceedings were had, to-wit: The bill was taken for confessed, and a reference was had to a commissioner. He reported that the plaintiff had no judgment, and thereupon the circuit court sustained a demurrer to the bill and dismissed it. The record of the judgment exhibited with the bill is as follows:

"Exhibit Judgment. J. R. Fishburne, Spcl. Receiver, Plff., against D. B. Baldwin and Kate A.

Baldwin, Defts.

"This day summons issued and made returnable before me at my office in the district of Beaver Pond, at Bluefield, Mercer county, West Virginia, on the 19th day of December, 1896, at 9 o'clock A. M., and placed in the hands of W. W. Thompson, C. M. C. Same day the plaintiff filed his complaint amounting to $120.82. Given under my hand this, the 14th day of Dec., 1896. [Signed] H. E. Thomas, J. P."

"This day summons returned duly executed on the defendant. The plaintiff appearing and proving his demands, and the defendant not appearing, judgment is rendered by default in favor of the plaintiff against the defendant for the sum of $120.82 and $2.55 cost. Given under my hand this, the 19th day of December, 1896. (Signed) H. E. Thomas, J. P."

The objection to this judgment is that it is invalid for uncertainty, for the reason that the word "defendant" is used instead of "defendants." This is a mere clerical and amendable error, and does not vitiate the judgment.

The second objection is that the record does not show that the justice waited an hour before rendering judgment. This is of like kind with the first, and both are untenable, under the repeated decisions of this Court and those of other states. *Moren* v. *Fire Clay Co.*, 44 W. Va. 42, (28 S. E. 728); *Davis* v. *Trump*, 43 W. Va. 191, (27 S. E. 397); *Roach* v. *Blakey*, 89 W. Va. 767, (17 S. E. 228).

Judgments of justices are not liable to collateral attack for such mere clerical omissions, amendable on motion and,

which do not affect the validity of the judgment. *Newton* v. *Wade*, 43 W.Va. 283, 286, (27 S. E. 244). For the foregoing reasons the decree complained of is reversed, the demurrer to the bill overruled, the exception to the commissioner's report sustained, and this cause is remanded to the circuit court, to be further proceeded in according to the rules and principles of equity.

*Reversed.*