# CHARLESTON

STATE *ex rel.* McDONALD, ADMX *v.* WELLS *et al.*

Submitted June 17, 1907.    Decided November 26, 1907.

1.  JUSTICE OF THE PEACE—*Liability on Official Bonds.*
    Sureties on the official bond of a justice are not liable for moneys collected by him on accounts placed in his hands for collection without suit. (p. 28.)

2.  SAME—*Duties of Justice.*
    A justice of the peace in his official capacity as such is authorized to receive money only when "tendered to him on any claim in suit before him, or on any judgment on his docket, or any

docket lawfully in his possession, on which no execution has been issued, or, if issued, has been returned unsatisfied and no other execution has been issued thereon since such return." (p. 27.)

3. Same.

A claim is not "in suit" before a justice until he has issued a summons thereon and delivered the same to an officer to be served, or by the appearance and agreement of the parties without summons and the case docketed. (p. 27.)

Error to Circuit Court, Taylor County.

Action by the state, on the relation of Delia E. McDonald, against I. W. Wells and others. Judgment for plaintiff, and defendant United States Fidelity & Guaranty Company brings error.

*Reversed. Remanded.*

J. H. S. Barlow & John L. Hechmer, for plaintiff in error.

W. R. D. Dent, for defendant in error.

McWhorter, Judge:

This was an action of debt brought in the circuit court of Taylor county by the State of West Virginia at the relation of Delia E. McDonald, administratrix of John O. McDonald, deceased, against Isaiah W. Wells, a justice of the peace, and the United States Fidelity & Guaranty Company, a corporation, surety on his official bond as such justice, for moneys collected on accounts placed in the hands of said justice for collection, amounting in the aggregate to $116.16. The defendant, The United States Fidelity & Guaranty Company, appeared and demurred to the declaration, which demurrer was overruled by the court. The defendant then entered its plea accompanied by affidavit, a jury was impannelled and returned a verdict for the plaintiff for the amount claimed in the declaration, upon which verdict the court entered up judgment.

The plaintiff in the course of the trial took a bill of exceptions to certain rulings of the court and obtained a writ of error to said judgment. The first question arising in the case is upon the demurrer to the declaration. After reciting the election of the said defendant as justice and the execution

of his official bond, the declaration alleges that "on the . . . . day of . . . . 1902, the said Delia E. McDonald, Administratrix as aforesaid, caused to be placed in the hands of said Isaiah W. Wells, Justice of the Peace as aforesaid for collection the following accounts, viz:" (then follows a list of the claims so placed in the hands of the defendant), "amounting in the aggregate to the sum of one hundred and sixteen and 61-100 dollars, and that the said Isaiah W. Wells, Justice as aforesaid, received said accounts by virtue of his said office as justice, and collected each and every one of the same by reason of his being justice as aforesaid." Then follows the allegations that the said justice had collected all of said accounts and had failed and refused to pay over the money, whereby he had broken his obligations and by reason of such breach his bond had become forfeited and action had accrued to the plaintiff, &c.

Section 2084, Code 1906, provides that: "Every justice shall receive the money tendered to him on any claim in suit before him, or on any judgment on his docket or any docket lawfully in his possession; on which no execution has been issued, or, if issued, has been returned unsatisfied, and no other execution has been issued thereon since such return, and pay the same on demand to the person entitled thereto." This is the only statute under which a justice is authorized to receive money, and the language of this section would impart that it is no part of his duties to collect unless the money is tendered to him and in no case except "on a claim in suit before him," or on a judgment on his docket or any docket in his lawful possession, on which no execution has been issued, or, if issued, has been returned unsatisfied, and no other execution has been issued since such return. Section 1970, Code 1906, provides how actions before justices are commenced either by summons or by the appearance and agreement of the parties without summons "and not otherwise." And as provided in the following section, 1971, when a suit is commenced by summons "the action is commenced upon the delivery of the summons to be served, and the constable shall note thereon the time of receiving the same." And when by appearance and agreement "the action is commenced at the time of docketing the case." No claim is in suit until such action has commenced in one of the ways provided by said sections.

"If money was paid to the justice as a collection agent, the money is not received by him in an official capacity and his sureties are not liable. But where the statute provides that justices may act as collection agents, the money collected by them without suit or process of any kind is received in an official capacity."—18 A. & E. E. L. 49. In *Price* v. *Farrar*, 5 Ill. App. 536, it is held: "Where a magistrate assumes to act in his official capacity in rendering judgment upon claims left with him for collection, he thereby abandons his agency in respect to such claims, if any such ever existed, and his securities on his official bond are estopped by his own docket from showing that he acted in their collection merely as agent."

In case at bar it is not alleged in the declaration that any of the claims, with which it is sought to charge the surety of Wells, were ever in suit, and no allegation in the declaration sufficient to entitle the plaintiff to recover in this action. In *Cressey* v. *Gierman*, 7 Minn. 398, it is held: "A justice of the Peace is not authorized by statute to receive money as security for the appearance of a prisoner before him for examination on a criminal charge, and where he does so receive it, and refuses to return the money to the party entitled thereto, an action will not lie against his sureties for a breach of the official bond of the justice." And in *McCormick* v. *Thompson*, 10 Neb. 484: "The sureties of a justice are liable for all moneys received by him in his official capacity; but not for moneys paid him on notes left in his hands for collection without suit." *McKee* v. *Griffin*, 66 Ala. 211, was an action brought upon the official bond of a register in chancery and conditioned as prescribed by law, and it was held that the sureties were not liable for the default of their principal as to moneys paid to him while acting in the capacity of probate judge, when there was no law in force at the time the payment was made authorizing such payment to be made to the probate judge. See also *State ex rel. La Plante* v. *Woodman*, 36 Ind. 511, and *Stevens* v. *Breatheven*, Wright (Ohio) 733.

The civil jurisdiction and powers of a justice of the peace are purely statutory and his sureties cannot be held liable for moneys received by him except where he is authorized by law to receive the same. He is not, by statute, made an

agent for the collection of money and he is only authorized to receive money tendered to him on claims in suit before him, or on judgments on his docket or a docket of which he has the lawful custody.  Under section 2099, Code 1906, the sureties on a constable's bond are, by express terms, made liable for money received by him on account of any claim entrusted to him to sue upon or collect, or for money collected by him under execution; but there is no such provision in relation to a justice of the peace.

It is neither necessary nor proper to take notice of the other assignments of error.  The court erred in overruling the demurrer to plaintiff's declaration; therefore the judgment of the circuit court is reversed and set aside, and the Court proceeding to render such judgment as the circuit court should have rendered, doth set aside the verdict of the jury, sustain the demurrer to the declaration and remand the cause with leave to the plaintiff to amend its declaration if it shall be so advised, and for a new trial to be had.

*Reversed.     Remanded.*