# CHARLESTON.

## BUMGARNER *v.* BANK.

Submitted June 6, 1910.    Decided April 25, 1912.

1. TAXATION—*Redemption from Tax Sale—Proceedings—Burden of Proof.*

    In a proceeding under Code 1906, sec. 874, by a tax-purchaser to contest the right of a creditor of the delinquent taxpayer to redeem the land sold for taxes, the burden is on the creditor to prove that his debtor has an interest in the property sold for taxes chargeable with his debt, and that the creditor has right to redeem. (p.789).

2. JUSTICES OF THE PEACE — *Proceedings — Judgment — Collateral Attack.*

Though the transcript from a justice's docket does not show that five days elapsed between the daté of service of the sunⁿ,ons and a judgment, yet if the justice has jurisdiction, the judgment is not void and open to collateral attack, only for the failure of the docket to show such fact. (p. 790).

3. SAME—*Proceedings—Judgment—Docket Entries.*

If a justice has jurisdiction of a case, there is a presumption that due steps and proceedings were had in the proceedings of the action, and a failure of the docket to show that proceedings were regular, will not make a judgment void. (p. 790).

4. TAXATION—*Redemption from Tax Sale—Persons Entitled to Redeem.*

It is not essential that a judgment be docketed in the judgment lien docket to enable the judgment creditor to redeem land sold for taxes. (p. 791).

5. SAME.

To enable a judgment creditor of one of two or more partners to redeem partnership land sold for taxes in the name of the firm, it is not required that such creditor shall show that after payment of partnership liabilities a surplus of assets will remain. (p. 789).

Error to Circuit Court, Wirt County.

Action by C. D. Bumgarner and another against the First National Bank of Parkersburg. Judgment for plaintiffs, and defendant brings error.

*Reversed and Rendered.*

*T. A. Brown,* for plaintiff in error.

*Walter Pendleton, Bruce Ferrell* and *Albert Smith,* for defendants in error.

BRANNON, PRESIDENT:

The First National Bank of Parkersburg obtained a judgment before a justice against R. B. Graham. John P. Bumgarner made a deed conveying two lots of land in the town of Elizabeth to "Graham & Co." These lots were sold for taxes in the name of Graham & Co., and were purchased by B. H. Bumgarner. The said bank claiming that its debtor, R. B. Graham, had an

interest in the said lots as one of the firm of Graham & Co., and claiming as his creditor by said judgment a right to redeem the property from said tax sale, tendered the money to Bumgarner in redemption of said lots; but Bumgarner refused to receive it and denied the right of redemption, and the bank deposited the money with the clerk of the county court. Later Bumgarner gave the bank notice that he disputed the bank's right to redeem and requiring it to appear before the circuit court of Wirt county and prove its right to redeem from the tax sale. This proceeding is allowed by Code 1906, section 874. The case was tried by the court and the court refused to allow redemption, and directed a deed to be made under the tax sale by the clerk to Bumgarner, and the bank has sued out a writ of error.

The section of the code just referred to in words places the burden of proof of the right to redeem on the person claiming such right, as it authorizes a notice to him to appear "and prove his or their right to redeem," and says that if he "fail to prove to the satisfaction of the court that he has right to redeem," the court shall make an order accordingly and direct a deed to be made to the tax-purchaser. Bumgarner claims that the bank failed to prove its right to redeem. He says that the bank has not shown that R. B. Graham, its debtor, was one of the firm of Graham & Co. The lots were purchased by D. H. Bumgarner, and he died, and the proceeding was revived in the name of Claud D. Bumgarner, his heir, as plaintiff. A deed was made by Graham & Co. to Claud D. Bumgarner for the lots, and this recites that the partnership of Graham & Co. was composed of Richard B. Graham and D. N. Graham. This recital of the fact by deed to which Claud D. Bumgarner was a party, with some other evidence, proves that R. B. Graham was one of the firm owning the lots.

The plaintiff says that the bank failed to show that after payment of partnership debts there would be a surplus belonging to the partners, so as to say that R. B. Graham had an interest in the lots entitling his creditor to redeem. We are cited to *Conaway* v. *Stealey,* 44 W. Va. 163, holding that "partnership assets must be first applied to the extinguishment of partnership debts, and a partner has no leviable interest, so far as individual debts

are concerned, until the partnership debts are satisfied." That case only means that social debts must be first paid. It recognizes an interest in the partner after them. So does *Kenneweg* v. *Schilansky*, 45 W. Va. 521. It is surely true that an execution against one of the firm can create a lien on his contingent interest. A judgment would create a lien on his interest in the firm—that interest in him after firm debts. 30 Cyc. 599.

We can not say that this contingent or probable, or even possible interest will not entitle a creditor of one of the firm to redeem land sold for taxes in the name of the firm. The debtor may have an interest, a large interest. We can hardly demand that the creditor of one of the partners must have the partnership settled, or enter into illimitable evidence to show a surplus after payment of social debts. The interest is enough for a basis of redemption.

The plaintiff attacks the bank's judgment as void. The Code of 1906, ch. 50, sec. 26, says, as to trials in a justice's court, that "No trial shall be had or judgment rendered in less than five days after the summons has been served on the defendant." The exhibit from the justice's docket does not show the date of service, and this is said to make the judgment void. A justice's court is statutory, limited in jurisdiction, not a court of record. *Roberts* v. *Hickory Camp*, 58 W. Va. 276. And we are cited *Mayer* v. *Adams*, 27 W. Va. 244, saying that there is no presumption of jurisdiction in a magistrate's court, but all facts essential to jurisdiction must appear. *Shank* v. *Ravenswood*, 43 W. Va. 242. But here there *is* clear jurisdiction; but the question is, as the statute prohibits trial in less than five days after service must the docket show the fact that such time elapsed? It is argued that it is not a mere ordinary requirement that such fact be shown, but the statute expressly prohibits judgment in less than five days after service, giving defendant that time for defense, and as this judgment is by default the docket does not show a fact without which the justice could not proceed; and as sec. 179 requires the return to be stated, there is no more important fact to be stated than the date of service. This position impressed me. But we have two cases which we conclude rule on this point. *Moren* v. *American Fire Clay Co.*, 44 W. Va. 42, holds that a justice's docket noting return of a

summons is not so conclusive as to render a judgment void for the reason that such return as set out in the transcript is defective, as the justice is not required to make other than a brief note of the return on his docket. The whole record was not present, and if present it might show a proper return. In *Horner* v. *Huffman,* 52 W. Va. 40, this identical question was up, that is, that the justice's transcript failed to show that the summons was served at least five days before judgment. It was claimed that the judgment was void; but it was held otherwise. The opinion discusses the subject. It was held that when once jurisdiction is shown there is a presumption that the steps in the proceeding were proper, the contrary not appearing, and the judgment could not be collaterally attacked for the failure of the docket to show the fact. It would be taken to be the fact until the contrary be shown. In this case the summons is not in the record to show date of service. There is no question that the justice had jurisdiction, and this being shown, mere omissions and irregularities in procedure will not render the judgment void any more than in courts of record. This should be so. Such omissions do occur in justice's courts, and if such rigid rule is applied many, many judgments would fall. The docket shows that the summons was executed. If we hold this to make the judgment void, how many judgments would be affected? The case of Moren, above, would say this is sufficient to repel collateral attack. So does *Horner* v. *Huffman.*

The judgment does not appear to have been docketed in the judgment lien docket. It is argued that the tax-purchaser is a purchaser for value without notice of the judgment, and therefore the bank could not redeem. We do not think that this is a point relevant to the case, or that the subject of purchaser for value has any place in the case. The statute gives an absolute right to a judgment creditor to redeem from tax-purchaser. We say that a judgment creditor may redeem whether the tax-purchaser have notice of the judgment or not. The statute gives the creditor right to redeem from the purchaser, and it is no matter whether the purchaser have notice of the judgment or not. There is an absolute right given him to redeem from tax-purchaser, not conditional upon docketing or notice of the judgment. Such

purchaser is not a purchaser for value under the equity rule of purchaser without notice.

We reverse the judgment, and consider that the bank had right to redeem from D. H. Bumgarner the lots purchased by him at the tax sale in the record mentioned, and that the bank has effectually redeemed the same from such tax sale, and that D. H. Bumgarner had in his lifetime, and since his death Claud D. Bumgarner, his heir, has no right to have the said lots conveyed to him by the clerk of the county court of Wirt county, under such tax sale, and said lots are freed from said tax sale. Claud D. Bumgarner has right to receive from said clerk the money deposited with said clerk by the bank in redemption of said lots.

*Reversed and Rendered.*