Syllabus.

## Wytheville.

## Alsop Motor Corporation v. Charles Barker.

### June 12, 1924.

1. Notice of Motion for Judgment—*Time of Return—Section 6046 of the Code of 1919—Distinction between Defective and Void Returns.*—Section 6046 of the Code of 1919, which provides that a notice of motion for judgment shall be returned to the clerk's office within five days after the service of the same, contemplates a valid return, but there is a distinction between a defective return though valid and a void return.

2. Summons and Process—*Notice of Motion for Judgment—Amendments.*—An officer will be permitted to amend a defective return on a process at any time, even though a suit or motion founded on the original return be then pending, and even though the proposed amendment be inconsistent with the original return, and take away the foundation of the suit or motion. And the rule permitting amendments, if necessary, should be more liberal in regard to the return of a notice of motion for judgment than to a return on a process.

3. Notice of Motion for Judgment—*Time of Return of Notice—Amended Return.*—In the instant case the original return of the notice of judgment was made within the five days allowed by section 6046 of the Code of 1919 after service, but a motion to quash the return was sustained by the trial court, with leave to amend according to the facts. The notice was properly amended by the officer and returned to the clerk's office, but the latter return was after the expiration of five days.

   *Held:* That a motion to quash the notice of motion on the ground that the notice had not been returned to the clerk within the time required by law was properly overruled.

4. Summons and Process—*Amendment of Return—Questioning Amended Return.*—Where an amendment of a return is permitted, if there is any serious question raised by the defendant by affidavit, that the amended return does not state the facts of the service, the court, at the expense of the plaintiff, should compel the attendance of the officer or other person making the return, and thus afford the defendant an opportunity to cross-examine as in the case of a witness.

5. Appeal and Error—*Conflict in Evidence.*—Where a conflict of evidence has been passed upon by a jury, whose findings have been approved by the trial court, the judgment will not be disturbed on appeal.

Error to a judgment of the Circuit Court of the city of Portsmouth, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Williams & Mullen, Guy B. Hazelgrove* and *J. Lewis Thomas*, for the plaintiff in error.

*James B. Denny* and *Jas. G. Martin & Bro.*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This is a proceeding by notice of motion, instituted by the defendant in error (hereinafter called plaintiff) against the plaintiff in error (hereinafter called defendant), in which the plaintiff seeks to recover of the defendant the sum of $1,500.00, by reason of an alleged contract of insurance on an automobile which was destroyed by fire.

Upon the trial of the case by a jury, a verdict was rendered in favor of the plaintiff for the sum of $1,250.00, upon which said verdict a judgment was entered by the trial court.

The defendant is a Virginia corporation, dealing in automobiles, with its principal place of business in the city of Richmond, Virginia.

The Richmond Smith Form A Truck Company was also a dealer in automobiles, with its place of business in the city of Norfolk, Virginia. The latter corporation being indebted to defendant, assigned to it a note of one E. H. Dill, duly secured by a conditional sale contract on one Chalmers touring car.

It was provided in this conditional contract that "seller may, at the expense of purchaser, provide insurance covering the goods against loss or damage from any cause." Under the statement "amount due," appearing in said contract, is an item of "interest and insurance," $230.40.

There also appears in the contract the following clause:

"Purchaser, until said acceptance is paid in full by him, shall not sell, let, assign, encumber, use for hire, dispose of, or remove out of the State of Virginia, the goods without the written consent of seller, and purchaser shall keep and maintain the goods in good order and repair. Purchaser shall keep the goods free of all liens, taxes and charges."

There is no dispute as to the terms of the contract, but from this point the evidence is in irreconcilable conflict.

It appears, however, from the evidence of plaintiff and witnesses introduced by him, that E. H. Dill gave the car to his wife and that she in turn sold the car to plaintiff. Upon learning of this sale defendant, through its president, made demand of plaintiff for the car, which demand being refused defendant instituted in the circuit court of Portsmouth an action of detinue against plaintiff, gave bond and repossessed the car.

During the pendency of the action of detinue plaintiff further testifies, he was shown the original contract of sale with the insurance clause therein by Alsop, the president of the corporation; that the premium on said insurance amounted to $230.40; that it was expressly represented to him that if he would purchase the car the insurance would go with it; and that he did purchase the car from the agent of the defendant, paying in full the balance due on the car and insurance prem-

ium, together with the costs of the detinue proceedings. The car was then turned over to him, and he placed the same in a public garage, and in a short time thereafter the car was destroyed by fire. When he called for the fire policy, he ascertained the car had never been insured. Plaintiff also testified that he would have kept the car insured if he had not thought the same was already insured.

The errors assigned are:

In refusing to quash and dismiss the notice of motion for not being returned within the time prescribed by law.

In refusing to grant instructions asked by defendant.

In amending instructions offered by defendant and giving same as amended.

In granting the instruction asked by the plaintiff.

In overruling the motion of defendant to set aside the verdict.

In entering judgment upon the verdict.

There is no merit in the first assignment of error. At the date of the institution of this proceeding, section 6046 of the Code of Virginia (1919) provided, that "any person entitled to maintain an action at law may, in lieu of such action at law, proceed by motion before any court which would have jurisdiction of such action, after not less than fifteen days' notice, which notice shall be in writing, signed by the plaintiff or his attorney, and shall be. returned to the clerk's office of such court within five days after the service of the same, and when so returned shall be forthwith docketed."

The original return by the officer executing same was made on March 18, 1922, the service having been actually made on March 16th.

On April 24, 1920, the date to which the notice was returnable, defendant by counsel appeared specially

and made a motion to quash the return and dismiss the notice. The motion to quash the return was sustained by the court, with leave to amend according to the facts. Thereupon, the notice was sent to the sergeant of the city of Richmond, who, after properly amending the same, returned it to the clerk's office.

On the 22nd day of May, 1922, counsel for defendant again appeared specially, "and moved to quash and dismiss the notice of motion on the ground that the notice properly served had not been returned to the clerk within the time required by law, it having been returned to the clerk's office by the officer with a proper return thereon after the return date of the notice." This motion the court overruled.

[1] It is the contention of defendant that the statute requiring the notice of motion to be returned within five days after its service contemplates a valid return.

While correct in this contention as to validity, counsel fails to draw the distinction between a "defective" return though valid and "a void return." No authority is cited for the position taken by the defendant, nor have we, in our investigation, found any authority bearing out its contention.

It has long been settled law in this jurisdiction that an officer will be permitted to amend a defective return on a process. In the case of *Rucker* v. *Harrison*, 6 Munf. (19 Va.) 181, the sheriff was permitted to amend his return after a lapse of seven years.

In *Stone* v. *Wilson*, 10 Gratt. (51 Va.) 529, Judge Moncure in his opinion said: "A court from which process is issued may permit the sheriff's return thereon to be amended at any time, even though a suit or motion founded on the original return be then pending, and even though the proposed amendment be inconsistent with the original return, and take away the

foundation of the suit or motion," citing *Wadsworth* v. *Miller*, 4 Gratt. (45 Va.) 99; *Smith* v. *Triplett*, 4 Leigh (31 Va.) 500. See, also, 1 Barton's Chancery, pr. 238.

To the same effect, this court has held in the cases of *Goolsby* v. *St. John*, 25 Gratt. (66 Va) 146; *Stotz* v. *Collins & Co.*, 83 Va. 428, 2 S. E. 737; *Shenandoah* v. *Ashby's Trustees*, 86 Va. 232, 9 S. E. 1003, 19 Am. St. Rep. 898. In the latter case an amendment was permitted thirteen years after judgment by default.

[2, 3] As to a return made by an officer on a process and a return made by an officer on a notice, we fail to see the distinction. In our opinion, the rule permitting amendments, if necessary, should be more liberal in regard to notices. In the case of a process, it is usually directed to and served by an officer, while in the case of a notice it is frequently served by a layman, as provided by statute.

[4] In any case where an amendment of a return is permitted, if there is any serious question raised by the defendant by affidavit, that the amended return does not state the facts of the service, the court, at the expense of the plaintiff, should compel the attendance of the officer or other person making the return, and thus afford the defendant an opportunity to cross-examine as in the case of a witness.

As to the second, third and fourth assignments of error, we are of the opinion that the instructions given correctly stated the law and there was no error committed by the court in refusing the instructions which were refused.

[5] As to the fifth and sixth assignments, we deem it only necessary to state that the instant case belongs to that long list of cases wherein a conflict of evidence has been passed upon by a jury, whose findings have been approved by the trial court. See section 6363, Code of 1919, and cases cited in the foot note thereto.

While the evidence adduced by the plaintiff is not altogether satisfactory, we feel that he had a legal right of action, and that the verdict of the jury in his favor should not be disturbed. The case will, therefore, be affirmed.

*Affirmed.*