ELOISE V. HASTINGS *v.* G. J. FINNEY, *Justice, etc., et al.*

(No. 8606)

Submitted September 22, 1937. Decided October 19, 1937.

*W. H. Pettry* and *J. Howard Hundley*, for plaintiff in error.

*Charles F. Gore*, for defendants in error.

Fox, Judge:

The decision in this case depends upon whether or not an action instituted before a justice of the peace, in which an attachment has been issued and levied, abates by the death of the sole defendant before judgment, and carries with it a discharge of the attachment lien.

Omer Skeens instituted a suit against Basil Jones before G. J. Finney, justice of the peace of Kanawha County, and on July 14, 1936, sued out an attachment therein which was levied on certain lumber claimed to be the property of the defendant. Before the principal action was tried, defendant died and J. Wilmer Long was appointed administrator of his estate. Subsequent to the appointment of the administrator, the record discloses, the action before the justice was revived against the administrator, judgment was entered on plaintiff's claim, and the lumber levied on was ordered to be sold under said attachment. The record does not show the proceedings in the original suit, nor the procedure as to its revival. The petition and answer do disclose that a judgment was rendered against Jones' administrator on September 9, 1936. In the meantime, on July 15, 1936, Eloise V. Hastings, petitioner herein, filed for record in the office of the Clerk of the County Court of Kanawha County a bill of sale dated the first day of July, 1936, and purporting to sell some, if not all, of the lumber covered by the levy of the attachment. When the order of sale aforesaid was entered, Eloise V. Hastings applied to the Circuit Court of Kanawha County for a writ of prohibition against G. J. Finney, justice of the peace, C. E. Grishaber, constable, and Omer Skeens, and in her petition alleged that the justice was without jurisdiction to enter

the judgment and order of sale under the attachment, contending that the death of Jones operated to deprive the court of further jurisdiction in the case, and a rule in prohibition issued. Skeens' demurrer to this petition was overruled, and the points in question were certified under the provisions of Code 58-5-2. This Court refused to docket the case, whereupon, the case being returned to the Circuit Court, all of the defendants to said petition filed their answer, to which answer the petitioner demurred and also filed her replication. The demurrer to the answer was sustained and the peremptory writ issued. To this action of the court, Omer Skeens prosecutes this writ of error.

In the court below the opinion was expressed in the final order that the only question to be determined was the jurisdiction of the justice of the peace to hear the case after the death of Jones, which question, it was stated, had been adjudicated by this Court. The only basis for this statement is the fact that this Court refused to docket the case when it was certified after the demurrer to the original petition had been overruled. The action of this Court in refusing to docket the certified case is not to be held as a final determination of the question involved. In *Sweeney* v. *Trust Co.*, 116 W. Va. 344, 180 S. E. 897, it was held that the action of this Court in refusing to docket for hearing a case certified to it under the statute above cited should not be construed as having the binding effect of a final adjudication, and it was stated in the body of the opinion that, "If, as in the case at bar, upon later review of the whole record, upon full argument, we reach the conclusion that there was initial error in the proceedings in the trial court, the ends of justice require that we have authority to say so, and that our action on preliminary examination of the question of pleading be not held to preclude such later re-examination." The refusal to docket this case for hearing on pleadings should not have limited the circuit court in passing upon the principal question involved, but inasmuch as the case now comes on for final hearing, it becomes our duty to determine that question.

We have not been able to find any authority for the proposition that in a suit before a justice of the peace where, during its pendency and before judgment, the sole defendant dies, the same can be revived against his personal representative. It must be borne in mind that a justice's court being a court of limited jurisdiction, no presumption of its jurisdiction exists in any case. The judicial authority of a justice is entirely statutory. *Roberts* v. *Coal Company*, 58 W. Va. 276, 52 S. E. 182; *Williams* v. *Weirlich*, 74 W. Va. 47, 81 S. E. 560. And it follows that his jurisdiction is limited. *Roberts* v. *Coal Co., supra; State* v. *McKain*, 56 W. Va. 128, 49 S. E. 20; *State* v. *Wells,* 63 W. Va. 25, 59 S. E. 743; *Bumgardner* v. *Bank,* 70 W. Va. 787, 74 S. E. 996. Nor can his jurisdiction be enlarged by consent of parties. *James* v. *Stokes,* 77 Va. 225; *Adams* v. *Jennings,* 103 Va. 579, 49 S. E. 982. We have no statutory authority for revival of an action pending before a justice where the sole defendant dies before judgment. After judgment has been entered, it may be revived. Code 50-13-8. "At common law every pending action, whether founded in contract or tort, abated by the death of a sole plaintiff or sole defendant, and could proceed no further; it absolutely perished." 1 Amer. Jurisprudence, 59. In most of the states statutes have been enacted changing this rule, and such is the case in this state as applied to actions in courts of record. Code 56-8-2. But this statute does not extend to and cover actions before justices of the peace. For power and jurisdiction vested in justices' court we must look to the statutes dealing with such courts, which are set out in Chapter 50 of our Code. The office of justice of the peace is established by our Constitution and was recognized at common law, but the jurisdiction of a justice in this state is controlled and limited by statute. Neither at common law nor by statute is revival of actions before justices provided for, and we have no power to create jurisdiction in any court. Only the legislature can invoke that power.

When Skeens obtained his attachment and the same was levied, he obtained a preference which could only be saved by securing a judgment in the principal case. Had Jones lived and Skeens failed to obtain a judgment there-

in, the attachment would have been automatically discharged. In *Midland Inv. Corporation* v. *Ballard,* 101 W. Va. 591, 133 S. E. 316, an attachment was referred to as "being subsidiary to the main suit", and it was stated that jurisdiction in the case depended upon the principal action, and such jurisdiction not having been obtained, the justice had not acquired jurisdiction through the attachment proceeding. Code 50-9-1 provides that an attachment may issue "at the commencement of the action or at any time during its pendency" and it must therefore be held that the maintenance of the lien of the attachment depends upon the course taken by the principal case, and if that case abates by the death of the defendant, or if the plaintiff fails to obtain a judgment in his principal action where the case is regularly tried, the attachment falls. Appellant relies on the case of *White* v. *Heavner,* 7 W. Va. 324, wherein it was held that the death of a defendant did not destroy the attachment, but that was a case where the attachment was sued out in a circuit court and levied upon real estate, and was clearly sustained under section 2, chapter 127, Code 1868. Under our statute, there can be no question as to the revival of civil actions in courts of record, which revival carries with it all liens, by attachment or otherwise, which may have been acquired during the pendency of the action; but as applied to actions before justices of the peace, we find no authority for such revival.

In the answer of the defendants a question is raised as to the right of the petitioner to maintain this proceeding. The validity of the claim asserted by her is attacked. On this record we cannot pass on the merits of petitioner's claim. Suffice it to say she has a claim which she is entitled to assert, and under the holding of this Court in *Corporation* v. *Ballard, supra,* she may protect her claim by invoking prohibition.

The judgment of the circuit court is affirmed.

*Affirmed.*