**In re David Luther BENNETT, Debtor.**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Subrogee of Karen L. McBride and Brian E. McBride, Plaintiff,**

v.

**David Luther BENNETT, Defendant.**

Bankruptcy No. 87–01074–N.
Adv. No. 87–0869–N.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Jan. 13, 1988.

Michael D. Rigg, of Taylor, Gustin, Harris, Fears and Davis, Norfolk, Va., for plaintiff.

Dean W. Sword, Portsmouth, Va., for debtor.

H. Lee Addison, III, Virginia Beach, Va., trustee.

Debera Frick Conlon, Office of the U.S. Trustee, Norfolk, Va.

## ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

*The drunk driver and his discharge*

*Is a default judgment another fruit of the bottle to face when sober and hanging over in bankruptcy?*

Government Employees Insurance Company (GEICO), as subrogee of Brian and Karen McBride, seeks to prevent the discharge of a debt of David Luther Bennett, the debtor. GEICO comes before the Court on a motion for summary judgment on its complaint for the determination of the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(9). It holds a state court judgment against Bennett, but he argues it is a default judgment which cannot survive in the Land of Oz.

### The Facts

The debt arose as a result of payments GEICO made to the McBrides under an automobile insurance policy it issued. Bennett's car collided with the McBride vehicle causing property damage and personal injury. As Bennett was uninsured, GEICO paid the McBrides under the uninsured motorist's provision of their policy in settlement of their claims arising from the accident.

GEICO later instituted an action in the Circuit Court of the City of Norfolk, Virginia, to recover from Bennett the sums it had paid the McBrides. In its motion for judgment, GEICO alleged that Bennett was legally intoxicated at the time of the collision. A default judgment was entered against Bennett on September 16, 1986. That judgment specifically states that the defendant was legally intoxicated under the laws of Virginia at the time of the collision. The Court awarded GEICO $21,-387.89 plus costs and interest from April 7, 1986.

In his Answer, Bennett admits that the Norfolk Circuit Court is a court of record that entered a valid and lawful State court judgment against him on September 16, 1986. That date is prior to his filing for relief under Chapter 7 of the Bankruptcy Code.

#### The Law Here, If Not Elsewhere

We have encountered Section 523(a)(9) previously, *Searight v. Thomas*, 13 CBC 2d 113, 51 B.R. 187 (1985), and held that a debt arising as a result of the debtor's operation of a motor vehicle while legally intoxicated was nondischargeable, per se, although a judgment had not been entered as required on the surface by the statute. To hold otherwise would encourage a race to the courthouse: the injured to obtain a judgment, the debtor to file bankruptcy. Obviously, the latter becomes easier and it is, in reality, no race.

Here the debtor was sued under State provisions for damages resulting from his driving while legally intoxicated. He did not appear to defend the suit ... default judgment was granted. Now, he says, he wants his day in court. He argues the bankruptcy court can give no deference to the State judgment.

Well, the cases do not exist to guide us and as in *Searight v. Thomas*, we must provide the first and best decision.

Bankruptcy must not become a convenient tool to cover certain past wrongs. To still provide a fresh start, yes. Where does

the difference lie? An accident occurred, damages resulted and a suit was filed against the tort feasor. He did not appear to defend this and by not appearing he confessed to the allegations of the motion for judgment. In Virginia chancery matters it is "a decree on a bill taken for confessed." 11A Michie's Jurisprudence, "Judgments and Decrees," § 214. Indeed, default judgments are rather set in concrete and this has long been the law. *Davis v. Commonwealth*, 57 Va. 134 (1861); *Staunton Perpetual Building v. Haden*, 92 Va. 201, 23 S.E. 285 (1895); *Neale v. Utz*, 75 Va. 480 (1881).

Against this we have the *privilege* of discharge in bankruptcy. Yet we all know that not all debts are discharged in bankruptcy. The most compelling ones are those involving a public policy. Alimony, maintenance and support are never discharged, not even if the decree to support little Oswald was entered by default.[1]

That is what we have here: a statute based upon public policy. Section 523(a)(9) came about as a result of public indignation over drunk drivers fleeing to bankruptcy to avoid financial responsibility. Due process is not being denied. It was amply afforded in the State court.

While we would certainly not apply it to all default judgments, but on this issue it is no bankruptcy defense to say, "I want my day in court. Prove many months later that I was intoxicated." This would open Louise Brook's box and invite games for those who are not "honest debtors." Clearly, it would punish those who have been injured by what the State court is satisfied to be a legally intoxicated driver. A dangerous precedent would be set.

Indeed, there is an identical dischargeability suit awaiting this decision.

It is as simple as A—B—C.

A—One has confessed to being legally intoxicated.

B—Harm was done.

---

1. Let us state, lest we be accused of providing no relief, that any remedy to remove a default judgment, be it in domestic relations or under the new, stern intoxication laws, must come from *that* court, the one who entered the default judgment.

C—Society has mandated a get-tough policy with drunk drivers. Count us in.

Technically, the matter is settled by the statute's own language. It mandates non-dischargeability where the debt "arises from a judgment or consent decree entered in a court of record." There is no distinction between judgments; it is all-inclusive.

To those who are the purists of a fresh start, have a drink, at home, and read *Bonney On Public Policy.* It is an excellent companion to your *License To Steal.*

The plaintiff's motion for summary judgment is granted.

IT IS SO ORDERED.