In re Vince KERPELY, Debtor.

STATE AUTOMOBILE INSURANCE
CO., Franklin D. WHATLEY,
Plaintiffs,

v.

Vince KERPELY, Defendant.

Bankruptcy No. B90–00853.
Adv. B90–0084.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Aug. 10, 1992.

William P. Kienzl, Kreiner & Peters Co. LPA, Cleveland, Ohio, for plaintiffs.

George Nyerges, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court are cross-motions for summary judgment on the complaint to determine dischargeability filed by Plaintiffs, State Automobile Insurance Co. (State Auto) and Franklin D. Whatley and by Defendant–Debtor, Vince Kerpely. Initially, by order of July 6, 1990 this court adjourned deciding these motions pending further proceedings in state court. Subsequent adjournments were granted on request of the parties. This is a core proceeding within the jurisdiction of the Court. 28 U.S.C. §§ 1334, 157(a), (b)(2)(I), General Order No. 84 entered July 16, 1984 by the United States District Court for the Northern District of Ohio.

On consideration of the pleadings, exhibits and affidavit submitted, it is apparent there are no genuine issues of material fact. Summary judgment is, therefore, appropriate. See Fed.Bankr.R.Proc. 7056. Relevant facts are:—

1) Defendant–Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on February 28, 1990.

2) Schedule A–3 of Debtor's Statement of Liabilities lists a disputed debt of $8,500.00 to State Auto arising from an automobile accident on March 16, 1984.

3) State Auto paid its insured Whatley the net amount of $8,495.80 for damages related to the accident and was subrogated to his claims in that amount. (Exh. B–1 to B–19 appended to Complaint).

4) The traffic accident report states the Defendant–Debtor was tested for alcohol and indicates "HDB ability impaired." Moreover, it reflects he "was under the influence and incoherent." (Exh. B, Plaintiffs' Motion for Summary Judgment).

5) Criminal charges were brought against Defendant–Debtor predicated on his operating a motor vehicle at the time of the accident. Judgment was entered against him on April 18, 1984 by the City of Cleveland Municipal Court. The judgment was entered on a plea of "no contest" to the charge of driving while under the influence pursuant to Section 433.01 of the Cleveland Municipal Code. (Exh. C–1 to C–6, D, Plaintiffs' Motion for Summary Judgment).

6) State Auto obtained judgment against Defendant–Debtor based on the accident. Exhibit A to Plaintiffs' motion is the default judgment for $8,495.80 plus costs entered after an evidentiary hearing on July 30, 1986 by the Cuyahoga County Court of Common Pleas.

7) Defendant–Debtor filed a motion to vacate and set aside the default judgment in the Common Pleas Court. He alleged the judgment was void having been entered without jurisdiction over him. This motion was overruled by entry of December 5, 1990. (Exh. B, Additional Exhibits to Plaintiffs' Motion for Summary Judgment). Defendant–Debtor filed a motion for reconsideration of that ruling presently pending before that court. (Exh. A, Defendant's Supplementary Brief).

8) Defendant signed an installment agreement on February 6, 1989 wherein he agreed to pay $8,500.00 to State Auto under specified terms. Failure to make payments as agreed would accelerate the balance which then became immediately due and payable. Pursuant to the agreement, Defendant was relieved from making a security deposit under the Ohio Motor Safety Responsibility Act. (Additional Exhibit filed by Defendant on July 6, 1992). No substantiation was provided of payments made as agreed.

Decision of this proceeding is controlled by former Section 523(a)(9) which

provided for non-dischargeability of a debt:—

"to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred."

11 U.S.C. § 523(a)(9) (1988), amended by 11 U.S.C. § 523(a)(9) (Supp. II 1990)

It is undisputed that Plaintiff, State Auto, has judgment against Defendant–Debtor arising from his operating a motor vehicle. Defendant asserts, however, the judgment is void due to ineffective service. Further, he argues he would have prevailed at a trial on the merits. It does not appear that Defendant challenges the allegation that the judgment represents liability incurred from his operating a motor vehicle while legally intoxicated under Ohio law, specifically the Cleveland Municipal Code. He does, however, argue that the judgment founded on a "no contest" plea is inadmissible in this proceeding. Finally, he maintains the February 6, 1989 agreement is a novation which extinguished the judgment. For reasons set forth below, all these arguments are without merit.

■ Defendant's arguments attacking validity of the default judgment are groundless. His motion to vacate the judgment due to alleged ineffective service was overruled by the trial court. Since the judgment remains in effect, arguments of evidence which could have been presented in that case are without merit. State Auto has a valid default judgment against Defendant predicated on his operating a motor vehicle. Default judgments are appropriate for application of Section 523(a)(9) dischargeability provisions. *Government Employees Insurance Co. v. Bennett*, 80 B.R. 800 (Bankr.E.D.Va.1988).

■ The criminal judgment against Defendant–Debtor, based on the accident for which civil liability was imposed, establish-

es that liability was incurred because he operated a motor vehicle while legally intoxicated. Defendant's challenging admissibility of the criminal judgment under Federal Rule of Evidence 410 is specious. Pursuant to Rule 410(2) a defendant's *plea* of nolo contendere is inadmissible. That rule is inapplicable herein, however, because Plaintiffs rely on a criminal judgment, not a plea, to support their motion. The state court records of the civil and criminal judgments, therefore, clearly demonstrate and support determination of non-dischargeability under Section 523(a)(9).

■ The final argument for consideration is the assertion that the parties' agreement of February 6, 1989 constitutes a novation. A novation "is a mutual agreement among all parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another, or a like agreement for the discharge of a debtor to his creditor by the substitution of a new creditor." 18 O.Jur.3d, Contracts § 283 (1980). To effect a binding novation there must be a definite intention that the purpose of the agreement is to create a novation. The agreement herein reflects a novation was not intended. It merely sets forth a payment schedule on the judgment debt thereby relieving Defendant–Debtor from filing a security deposit with the Ohio Department of Motor Vehicles. It does not effect a substitution of obligations.

## CONCLUSION

There are no genuine issues of material fact and Plaintiffs are entitled to judgment on their complaint as a matter of law. The judgment is a non-dischargeable debt pursuant to former Section 523(a)(9). 11 U.S.C. § 523(a)(9) (1988), amended by 11 U.S.C. § 523(a)(9) (Supp. II 1990). Plaintiffs' motion for summary judgment is, therefore, granted. Defendant's motion for summary judgment is denied accordingly.